## CONKLIN *v.* BOWMAN.

Suit to foreclose a mortgage. The premises intended to be mortgaged were accurately described in the mortgage; but a piece of land not intended to be mortgaged was included in the description, by mistake. The mortgagee,

in his complaint, conceded the mistake. *Held*, that the mortgagee could maintain his suit to foreclose as to the premises intended to be mortgaged, without being required to reform the deed.

Section 63, 2 R. S. p. 41, prescribing the manner in which a defendant may bring a new party into Court, contemplates that the party shall be a necessary one, against whom relief is sought and final judgment may be rendered; and the answer, under that section, must not only state the matter relied on for relief, but it must contain a prayer for that relief against the proposed new party.

Nov. Term,
1858.

CONKLIN
v.
BOWMAN.

APPEAL from the *Wayne* Circuit Court.

*Friday,*
*December* 3.

DAVISON, J.—This was a proceeding to foreclose a mortgage. The appellee was the plaintiff, and *Conklin* the defendant. The complaint alleges that the defendant, on, &c., at, &c., gave the plaintiff two promissory notes—one for 1,700 dollars, and the other for 1,000 dollars—and to secure their payment as they respectively matured, executed to him a mortgage upon the south-east quarter, and the east half of the south-west quarter, of section fifteen, of township sixteen, in range twelve. That the parties, when the mortgage was made, intended to include therein the said half-quarter, and none other; but through mistake in drafting it, the south-east quarter, as above described, was included, contrary to their purpose and intent, &c.

Defendant answered—1. By a general traverse; 2. That the notes were given for part of the purchase-money of the lands described in the complaint, viz., the south-east quarter, and the east half of the south-west quarter, &c., which were owned by one *Benjamin Bowman*, and by him and his wife, *Hannah Bowman*, on the 29th of *July*, 1853, conveyed to the defendant, by deed in fee simple; that the notes and mortgage, being for purchase-money, as aforesaid, were executed to the plaintiff as the trustee of *Benjamin Bowman*, who was the real owner thereof, and is the real party in interest, &c.; and that he, *Benjamin*, never had any title to the above described quarter-section, which is alleged to be worth 3,000 dollars. Defendant avers that he has paid all the purchase-money due on the lands conveyed, save the amount purporting to be due on the notes mentioned in the complaint, and that, therefore, the consideration has failed, &c. 3. That *David Bowman*, the

plaintiff, is not the real party in interest, &c. The answer prays that *Benjamin* and *Hannah Bowman* be made parties, &c.

In reply to the second paragraph, the plaintiff denies that the notes were given for a part of the purchase-money for the south-east quarter of section fifteen, or any part thereof, but avers that the same were given as part consideration for the sale and conveyance by *Benjamin Bowman* and wife to the defendant, of the east half of the south-west quarter of section fifteen, and for no other consideration whatever. He denies that he, plaintiff, is the trustee of *Benjamin Bowman*, as alleged, or that he, *Benjamin*, is the real owner of, or has any interest in, the notes or mortgage; and plaintiff avers that the describing the south-east quarter, in the deed to the defendant, was a mistake, and that that quarter-section formed no part of the consideration of the notes, &c. To the third paragraph, the plaintiff replied that he was the real party in interest.

Defendant demurred to the reply to the second paragraph of the answer, but his demurrer was overruled; and thereupon he moved that *Benjamin Bowman* be made a party to the suit, which motion was also overruled; and thereupon the issues were submitted to the Court, who found for the plaintiff, and, over a motion for a new trial, there was judgment, &c.

These proceedings are alleged to be defective on two grounds—1. The mortgaged premises are misdescribed; hence, there could be no foreclosure until the deed was reformed; 2. The refusal to allow *Benjamin Bowman* to be made a party.

*Davis* v. *Cox*, 6 Ind. R. 481, to which we are referred, decides that "where the land intended to be embraced in a mortgage is misdescribed, the mortgagee must have the instrument reformed before he can proceed to foreclose." But that decision does not apply to the case at bar; because, here, the premises intended to be mortgaged are accurately described as the east half of the south-west quarter of section fifteen, of township sixteen, in range twelve.

And the pleadings and proofs sufficiently show that the additional tract of land, viz., the south-east quarter, &c., was described through mistake, and not designed by the parties to be embraced in the mortgage. The mortgagee, in his complaint, conceded that he had no right to subject the quarter-section. There seems to be no reason why he should not be allowed to proceed to foreclose, as to the premises intended to be mortgaged, without being required, in the first instance, to reform the instrument.

Should *Benjamin Bowman* have been made a party? This is the next question to be settled.

The statute says:—" When it is necessary for the defendant to bring a new party before the Court, he may state the matter relating thereto in his answer, and demand relief, and thereupon a summons shall issue, and other proceedings be had against him, as if such matter had been exhibited in the original complaint." 2 R. S. p. 41, § 63.

This rule of practice, as we understand it, contemplates a necessary party, against whom relief is sought, and final judgment may be rendered. The answer must not only state the matter relied on for relief, but it must contain a prayer for such relief against the proposed new party. No such prayer is contained in the answer before us, nor does it allege any sufficient ground of relief within the meaning of the statute. It simply avers that *Benjamin Bowman* is the real party in interest—in other words, the party who should have sued, and to whom the defendant is liable. But that averment is plainly inconsistent with the position that the defendant was entitled to relief against him. We perceive no error in the refusal to admit the new party.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*C. H. Test* and *J. M. Wilson*, for the appellant.

*W. Grose*, for the appellee.