## McClerkin v. Sutton.

PLEADING.—VENDOR AND PURCHASER.—Suit upon a promissory note, which recited that it was given for the price of certain land conveyed by plaintiff to defendant. Answer, that the note was given for the price of certain lands, to which the plaintiff falsely and fraudulently represented he had a good title, wherefore the consideration had wholly failed, &c.

*Held*, that the answer was bad on demurrer.

ATTACHMENT.—The statute does not require that a plaintiff in attachment should be a resident of the State.

APPEAL from the *Gibson* Common Pleas.

RAY, J.—Suit by appellant upon a promissory note executed by appellee, which recited that said *Sutton* had delivered to *McClerkin* a deed of conveyance for certain land, for the price of which the note was given. Answer in two paragraphs. The first avers that the note was given to appellee in payment for certain lands purchased by appellant, to which the appellee falsely and fraudulently repre-

sented that he had a good title, wherefore the consideration of the note had failed.

The appellant informs us that it does not appear, by this paragraph, whether a deed, with full covenants, was executed and delivered to him upon the execution of the note in suit; nor does it appear that the appellant was placed in possession of the property purchased. A sufficient answer to this form of pleading is this: It does appear that a note was executed which imports a consideration. It does not deny, what appears affirmatively by the note itself, that a proper deed was executed upon which the appellant can rely. If such a deed was executed, the false representations amount to nothing, for they are contained in the deed. Nor does it appear that by the purchase the appellant acquired no interest in the land. The appellee may have had no title, but an interest which might ripen into a title. Nor does the paragraph deny that the appellant went into possession under his purchase, and still retains such possession. In fact, the answer does not show a total failure of consideration, and is therefore bad, and the court properly sustained a demurrer to it.

The second paragraph is a plea in abatement, and avers that the appellant and appellee are both residents of *Franklin* county, in the State of *Tennessee*, and that appellant has ample property there to answer all demands.

This suit was commenced by attachment and garnishee process, and our statute does not require that the plaintiff, in such proceedings, should be a resident of this State. The answer is therefore insufficient, and the court committed no error in sustaining a demurrer to it.

The judgment is affirmed, with two per cent. damages and costs.

*A. C. Donald*, for appellant.

*O. M. Welborn*, for appellee.