## McKay v. Wakefield.

MORTGAGE.— *Mistake.—Reformation of Description.—Pleading.— Husband and Wife.*—A mistake in the description of lands intended to be mortgaged by a husband and wife may be corrected in an action therefor against them.

SAME.—*Death of Party.—New Parties.—Heirs.*—Where, prior to such ac-

tion, the husband, being the owner of such lands, dies, his heirs should be joined with the widow as defendants.

From the Switzerland Circuit Court.

*W. H. Adkinson* and *W. D. Ward*, for appellant.

*T. Livings*, for appellee.

Perkins, J.—Suit commenced by appellant against defendants, Mahala J. Wakefield and Thomas T. Wakefield, her husband, to correct and foreclose a mortgage.

The complaint was in one paragraph, to which a demurrer was sustained, and exception entered.

The death of Thomas T. Wakefield was suggested.

On leave given by the court, an additional paragraph of complaint was filed, which was demurred to, the demurrer sustained, and exception entered.

On leave given, said plaintiff filed a third paragraph of complaint, to which a demurrer was sustained, and, the plaintiff refusing to further amend, judgment was given for the defendant.

The third paragraph of complaint was as follows:

" Said plaintiff, Isaac F. McKay, for further cause of action against said defendants. Mahala J. Wakefield and Thomas T. Wakefield, says, that, on the 25th day of May, 1872, said Thomas T. Wakefield, by his promissory note, a copy of which is herewith filed and made a part hereof, promised to pay to plaintiff, or order, one hundred and forty-three dollars and fifty cents, with ten per cent. interest thereon from date, and that said note is now due and wholly unpaid; that, on said day, said defendants executed to plaintiff a mortgage on the real estate last hereinafter described, a copy of which is also herewith filed and made a part hereof, to secure the payment of said note, and that said mortgage was, on the 28th day of May, 1872, recorded in the record of mortgages in the recorder's office in said county.

" Plaintiff avers, that it was the intention of said defend-

ants to mortgage the following described real estate, situate in Switzerland county, State of Indiana, to wit: Being a part of fractional section 10, town 3, range 12, and also a part of section 9, town 3, and range 12, bounded as follows: Beginning at a corner on the boundary line north, 10° east, $4\frac{70}{100}$ chains from the south-east corner of said section 10, town 3, range 12, and running thence north, ·10° east, $33\frac{4}{100}$ chains; thence north, $88\frac{1}{2}$° west, $20\frac{95}{100}$ chains, to a branch; thence south, 27° east, $6\frac{75}{100}$ chains; thence(?),51° east, $5\frac{25}{100}$ chains; thence south, $38\frac{1}{2}$° east, 2 chains; thence south, $53\frac{1}{2}$° east, $4\frac{16}{100}$ chains; thence (?), $1\frac{1}{2}$° east, $21\frac{50}{100}$ chains; thence east, $2\frac{58}{100}$ chains, to the place of beginning, contain-·ing $28\frac{82}{100}$ acres.

"But, by mistake, the following description was inserted in said mortgage, to wit: 'A part of fractional section 10 and 15, township 3 north, of range 12 east, commencing on the boundary line at the corner between John Peters and Henry Peters, running south to a corner stone on said boundary line; thence west to a corner on section 9; thence north-west on the section line to a corner in section 9; thence north-west to a corner in the branch; thence down said branch, taking in 10 acres out of section 9, to a corner; thence east to the place of beginning, 30 acres more or less.'

" Plaintiff further avers, that, before the execution of said mortgage, said defendants had executed a mortgage on said real estate to plaintiff, to secure the payment of a sum of money due plaintiff, and that, before the execution of said mortgage, said defendant Thomas T. Wakefield pointed out to plaintiff, by metes and bounds, the real estate in this paragraph first described, and said defendants agreed to execute a mortgage on the same, but, by mistake, the the description last herein set out was inserted in said mortgage; that the mortgage last executed to plaintiff, and which is herein set out, was, by the agreement of said

defendants, to be executed on, and made to cover, the same real estate which defendants had agreed to mortgage, herein referred to as aforesaid.

"Plaintiff further avers, that, at the time said first mortgage was executed, said defendant Thomas T. Wakefield pointed out to this plaintiff, by metes and bounds, the real estate in this paragraph first described, and that defendants agreed to execute the mortgage, in this paragraph set out, to plaintiff, to secure the debt sued on herein, on the real estate so pointed out; that, at the time said agreement was made, and said mortgage was executed, said Thomas T. Wakefield was the owner, in fee-simple, of said real estate so intended to be mortgaged as aforesaid, and was the owner of no other real estate; that said defendants, at the time said agreement was made and said mortgage executed, were residing on said land, and were in the full possession of the same, and have been continuously since said time in the possession of said land; and that defendants agreed to execute the mortgage herein set out, so as to include and cover the real estate on which they were residing and in possession of, as aforesaid; that plaintiff was not present at the time said mortgage was executed, and was ignorant of the fact that the same did not contain a description of the land agreed to be mortgaged, and so remained ignorant until this action was brought to foreclose said mortgage; and that he was informed by defendants that the said mortgage covered the said land agreed to be mortgaged, and which had been pointed out, as aforesaid.

"Plaintiff further avers, that said defendants have no other property, except the real estate first in this paragraph described, out of which his said debt can be made, and that, unless the relief prayed for in this paragraph of complaint is granted, his said debt will be entirely lost.

" Wherefore plaintiff prays judgment that said mortgage be reformed and corrected, so as to include the real estate first in this paragraph described, and that plaintiff have judgment for two hundred dollars, and that said mortgage be foreclosed, and said real estate, or so much thereof as may be necessary, be sold to pay and satisfy said judgment, as other lands are sold on execution, and for all other proper relief," etc.

If the mortgage, as executed, embraced a portion of the land intended to be mortgaged, it might, probably, be foreclosed upon that without reformation, the heirs of the deceased mortgagor being first made parties defendants. *Conklin* v. *Bowman*, 11 Ind. 254. But, we think, a *prima facie* case is made in the complaint for reformation of the mortgage. We think, there should be an answer. See *Halstead* v. *The Board, etc.*, 56 Ind. 363; *Mason* v. *Moulden*, 58 Ind. 1; *Busenbarke* v. *Ramey*, 53 Ind. 499; *Flanders* v. *O'Brien*, 46 Ind. 284.

The judgment is reversed, and the cause remanded for further proceedings, in accordance with this opinion.