## HARPER *v.* TERRY.

STATUTE OF LIMITATIONS.—*Complaint to Rescind Conveyance.—Fraud.—Demurrer.*—In an action to rescind a contract for the sale of land, and to recover the consideration paid, for alleged fraud, the complaint alleged the making of the contract, and the perpetration of the fraud, on the 21st day of April, 1870; the discovery of the fraud and an offer to rescind, in December, 1877; and the bringing of the suit on January 2d, 1878.

*Held*, on demurrer, that, as the complaint did not show that the cause of action was not within any of the exceptions to the statute of limitations, it was sufficient in that respect.

SAME.—*Measure of Damages.*—The fact that, in such case, the grantor had parted with chattels constituting the consideration given for the land will not prevent the grantee from bringing his action to rescind, and recovering for the fair value of such chattels.

From the Vanderburgh Circuit Court.

*A. L. Robinson,* for appellant.

*J. M. Shackelford,* for appellee.

HOWK, J.—This was a suit by the appellant, against the appellee, to obtain the rescission, for alleged fraud, of a contract for the sale of real estate, and to recover back certain money alleged to have been paid on such contract. The appellee's demurrer to the complaint, for the want of sufficient facts therein to constitute a cause of action, was sustained by the court, and to this decision the appellant excepted. The appellant refused to amend or plead further and judgment was rendered against him for the appellee's costs.

The decision of the circuit court, in sustaining the demurrer to his complaint, is assigned here as error, by the appellant. The only question, therefore, for the decision of this court, is this: Does the appellant's complaint state facts sufficient to constitute a cause of action?

In his complaint, the appellant alleged, in substance, that on the 21st day of April, 1870, in Vanderburgh county, Indiana, the appellee represented to the appellant that he was the owner of the following described real estate, to wit: The south-west quarter of section one, in township seven north, of range six east, containing 160 acres, in Crittenden county, in the State of Arkansas, and that he had a complete and perfect title thereto; and the appellee offered to sell said land to the appellant for the sum of three hundred dollars, and to convey the same to him by a good warranty deed; and, to induce appellant to buy said land, the appellee made to him the following statements and representations concerning the same: That he, the

appellee, had lived in the State of Arkansas during several years, and personally knew the quality, situation and value of said land; that he had seen and examined it, and it was good unimproved upland, and was covered with timber such as grew on upland in that county; that it was situated on a good wagon road; that it was not liable to be overflowed with high-water, except about one-third of the tract from water flowing from the St. Francis river, and that not above two or three feet in depth and only for a short period of time; that it was so situated that a good farm could be made of it; that it was worth $500, and he had been offered that sum for it; that it was situate on the St. Francis river, and the appellant, if he bought it, could boat the wood and timber growing on it, down that river, to Memphis, Tennessee.

The appellant further alleged, that he informed the appellee that he knew nothing about the land, nor its value or situation; that he desired to buy a tract of land as a farm for his sons, then minors, to live on when they arrived at full age; and that he would buy said land, trusting entirely to the appellee's representations concerning it.

And the appellant averred, that on the said day, being wholly ignorant of the facts and statements so made by the appellee and having no means of learning the same, and relying entirely upon appellee's statements and representations concerning said land, the appellant bought the same of the appellee for the sum of $300, and then and there paid him for the same in personal property, at prices agreed upon by the parties, and then and there delivered by the appellant to the appellee, and of the value of $300; that soon after the day of said sale the appellee delivered to the appellant a paper writing, which the appellee said, and the appellant at the time believed, was a warranty deed for said land, for the price so paid by him; that the paper had the words "Warranty Deed" printed across

the back thereof, and so perfect was the appellant's confidence in the appellee's integrity, that he took the said paper and laid it away, without examination, until about the 26th day of February, 1873, when he learned for the first time that said paper was only a quitclaim deed for said land; that he immediately informed the appellee of such defect in said deed, when he took it back and made the appellant a warranty deed, but with this defect, that the consideration thereof was stated therein to be $200, when in truth it was $300, and was so stated in the first deed.

The appellant further alleged, that besides said sum of $300, so paid the appellee for said land, since he bought the same, he had paid taxes thereon to the amount of $94, but he never took possession of said land. The appellant also averred that in December, 1877, he went to Arkansas for the first time, for the purpose of examining said tract of land, when he learned for the first time, that not one of the statements, so made by the appellee concerning said land, was true, and that the appellee had deliberately swindled and cheated him in said sale; that said land was situated in an inaccessible swamp, and was subject to be overflowed by high-water from the Mississippi river to the depth of sixteen feet, and to be thus overflowed for long periods of time, varying from six weeks to six months; that it was not situated on a good wagon road, nor on any road, nor on the said St. Francis river; that it was not good upland, nor covered with such timber as grew on upland; that it was not susceptible of being made into a good farm, but was of no value for farming or for any other purpose; that the appellee had not been offered $500 for said land; that the appellee had no good title to said land, but merely a tax title, for which he only paid eight dollars at a tax sale, and which, by the laws of the State of Arkansas, was of no value whatever.

The appellant further averred that, by the means and in

the manner aforesaid, the appellee had perpetrated a great fraud upon him, in the sale and conveyance of said land; that as soon as he returned from Arkansas to his home in said Vanderburgh county, after having learned the above facts, he demanded of the appellee, that he should rescind the said contract of sale and should pay the appellant the value of the personal property so delivered by him to the appellee, to wit, the sum of $300, and the interest thereon, and also the further sum of $94, so paid by him for taxes on said land, and interest thereon since the same was paid; that at the time of making such demand, to wit, on the 2d day of January, 1878, the appellant tendered the appellee a deed of reconveyance of said land to the appellee, which deed the appellant brought into court, with his complaint in this case, to be delivered to the appellee under the order and direction of the court; that the appellant did not discover the said fraud and deception, so practised by the appellee, until in December, 1877, and that immediately after his return from Arkansas, about January 1st, 1878, he demanded of the appellee the rescission of said sale, and that he should pay back the consideration received by him, on said sale, from the appellant.

And the appellant further averred, that his travelling expenses and time, in going to and returning from Arkansas, to ascertain the situation and value of said land, amounted in the aggregate to seventy-five dollars. Wherefore, etc.

We learn from the brief of the appellant's counsel, that, in the discussion of the sufficiency of the complaint in this case, two objections thereto were urged by the appellee's attorney in the circuit court, as follows:

1. The lapse of time between the date of the contract of sale, mentioned in the complaint, and the date of the demand for the rescission of such contract; and,

2. That the parties, upon such rescission, could not be

placed *in statu quo*, the personal property mentioned in the complaint not being in existence.

The same objections to the sufficiency of the complaint are relied upon by the appellee's counsel in this court, for an affirmance of the judgment below. It seems to be settled by the decisions of this court, that the first of these objections to the complaint, of the mere lapse of time, can not be reached as a rule, under the provisions of the practice act, by a demurrer for the want of sufficient facts. This is so in all cases, whether legal or equitable in their nature, since the code of practice took effect and became a law of this State. Thus, in the case of *Potter* v. *Smith*, 36 Ind. 231, it was said: " Where lapse of time is relied upon as a defence to an action, it must generally, under the code of procedure, be pleaded to the action, and be based upon some statute limiting the same. This may not have been the old rule in relation to many suits in equity, but by the code the distinction between actions at law and suits in equity is abolished; and it is provided that ' There shall be in this State, hereafter, but one form of action for the enforcement or protection of private rights, or the redress of private wrongs, which shall be denominated a civil action.'" Again, in the same case, it was further said: " There are cases where a man must act promptly and within a reasonable time, in order to be entitled to an action; *e. g.*, if he finds himself defrauded in a contract, he may be required, in order to rescind, to act promptly on the discovery of the fraud, and tender back to the other party what he has received, thereby placing him *in statu quo*, and demand a rescission; but having done all that is necessary to entitle him to a rescission, he may bring his action therefor at any time before he is barred by the statute." The language last quoted, it will be observed, is peculiarly applicable to the case made by the allegations of the appellant's complaint, in the cause now before us.

It cannot be doubted, as it seems to us, that the facts stated in the complaint in this case were amply sufficient to constitute a cause of action. Indeed, we do not understand the appellee's learned counsel to controvert or question this, in his brief of this cause; but he claims that the complaint was bad on the demurrer thereto, for the want of facts, because it showed upon its face, as he asserts, that the cause of action therein stated was barred by the lapse of time, or, more correctly speaking, by the statute of limitations. It is certain, we think, that the appellee's counsel is mistaken in this view of the complaint, even if it were conceded that it showed upon its face, that the period of time fixed by the statute, had fully elapsed before the commencement of the action. "The statute contains various exceptions, as the disability of the plaintiff, non-residence of the defendant, etc.; and, where such is the case, it is the settled rule that the statute, if relied upon, must be pleaded, unless, indeed, the complaint shows affirmatively that the plaintiff is barred, notwithstanding the exceptions. The reason is, that the case may be within some of the exceptions, and the plaintiff is not bound to anticipate the defence of the statute, and show his case to be within the exception without knowing that such defence will be made. Upon the statute being pleaded, he may reply the exception. *Hanna* v. *The Jeffersonville Railroad Co.*, 32 Ind. 113 ; *Perkins* v. *Rogers*, 35 Ind. 124." *Potter* v. *Smith*, *supra*. See *Pilcher* v. *Flinn*, 30 Ind. 202.

For the reasons given, we are of the opinion, that the objection first above stated, of the lapse of time between the date of the contract and the date of the demand for rescission, is not a valid objection to the complaint, under the demurrer thereto for the want of facts.

It is a sufficient answer, we think, to the second objection above stated to the sufficiency of the complaint, to say that it does not appear on its face, that the personal

property mentioned therein was not in existence. But, if such fact was apparent on the face of the complaint, it might be well said, in answer to this objection, that, if said personal property was not in existence, the appellee, to whom it was delivered under the contract of sale, must be held responsible to the appellant, upon the rescission of such contract, for its fair and reasonable value. Certainly, he could not defeat the appellant's right to the rescission of the contract of sale, if such right otherwise existed, by his own act in putting such property out of existence. In such a case, if the parties could be placed substantially *in statu quo* upon rescission, it seems to us that the relief might and ought to be granted by the court. Indeed, it was so decided by this court, in the well considered case of *Gatling* v. *Newell*, 9 Ind. 572 ; and we are not aware of any case in this court, in which a different doctrine has been laid down upon the point now under consideration.

In conclusion, we are of the opinion, that the appellant's complaint stated facts sufficient to constitute a cause of action, and that the appellee's demurrer thereto ought to have been overruled.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.