Figart v. Halderman et al.

No. 7549.

FIGART v. HALDERMAN ET AL.

SUPREME COURT.—*Presumption.*—*Record*—*Complaint.*—Where a sufficient complaint is found in the record, with nothing showing that it is not properly there, the Supreme Court will presume that it came into the record regularly and rightfully.

VENDOR AND PURCHASER.—*Mortgage.*—*Lien.*—*Conveyance.*—Where a purchaser of real estate assumes to pay a mortgage thereon as a part of the purchase-money, obtains possession under the conveyance containing the contract of assumption, in which the mortgage is accurately described, such purchaser can not, in an action to reform and foreclose the mortgage, defeat the lien thereof by showing that the real estate was inaccurately or imperfectly described in the mortgage.

SAME.—*Right to Reform Deed.*—The conveyance of real estate by an inaccurate or imperfect description vests in the purchaser a right to have the deed reformed and to secure the land contracted for, and he can not hold this right and defeat the collection of the purchase-money.

SAME.—*Assumption of Mortgage.*—*Bona Fide Purchaser.*—*Principal and Surety.*—One who assumes to pay a mortgage upon real estate purchased by him does not occupy the position of a subsequent bona fide purchaser; he is not a stranger, but a privy, and as such subject to the same equities as would prevail against his vendor. He becomes the

Figart *v.* Halderman *et al.*

principal debtor, and he whose debt he assumes occupies the position of surety.

SAME.—*Mortgagor in Possession.*—In such case, the purchaser is virtually the mortgagor in possession, and the mere delay of the mortgagee to coerce payment of the mortgage does not prejudice the rights of such purchaser.

SAME.—*Purchaser in Possession.*—A purchaser of real estate in possession can not successfully resist payment of purchase-money upon the ground that the description of the land in the conveyance is uncertain or imperfect.

SAME.—*Mutual Mistake.*—A mutual mistake of the vendor and purchaser in the description of the real estate conveyed may be corrected between the original parties or privies thereto.

From the Wabash Circuit Court.

*M. H. Kidd*, for appellant.
*J. D. Connor* and *J. D. Connor, Jr.*, for appellees.

ELLIOTT, J.—Halderman and Brower instituted this action to reform and foreclose a mortgage, executed by Michael Wagaman. Figart, the appellant, claims to be the owner of the real estate in controversy, by purchase from the mortgagor.

The case is here for the second time. Upon the former appeal, a judgment rendered in favor of the appellees was reversed upon the ground that the complaint was bad, because it did not set out a copy of the mortgage upon which the action was founded. *Figart* v. *Halderman*, 59 Ind. 424. We are now asked to reverse the judgment rendered upon the second trial, because, as appellant's counsel asserts, the complaint in the record now before us is the same as that which this court pronounced bad when the case was first here on appeal. It is the duty of the trial courts to obey the rule declared by this court, and, if the complaint were the same as that pronounced insufficient, we should be compelled to sustain appellant's prayer for reversal. The record now before us exhibits, however, a complaint radically different from that pronounced defective upon the former appeal.

The complaint set forth in the present record contains a copy of the mortgage, and is not vulnerable to the objection held fatal when the case was first here.

It is true, that the record does not show any formal amendment of the complaint, but we find a sufficient one in the record, with nothing showing that it is not properly there, and we must presume that it came into the record regularly and rightfully. The familiar rule is, that all reasonable presumptions will be made in favor of the action of the trial court, and, acting upon this rule, we must hold that the complaint, as now incorporated into the record, was duly amended by leave of court.

Appellant asserts that the description in the mortgage is so uncertain as to render it void, and that his rights can not be affected by it. We need not pass upon the sufficiency of the description, for the reason that appellant is not in a situation to defeat appellees' action upon any such ground. He assumed to pay the mortgage sued on as part of the purchase-money of the real estate bought of Wagaman, and obtained possession under the conveyance containing this contract of assumption. Where a mortgage is accurately described in the contract of assumption, thus informing the purchaser that the land he purchases is subject to the lien of the mortgage, he can not defeat the lien by showing an inaccurate or imperfect description. The conveyance vests in him a right to reform the deed and secure the land contracted for, and he can not hold this right and defeat the collection of the purchase-money. *Crawford* v. *Edwards*, 33 Mich. 354 ; *Comstock* v. *Smith*, 26 Mich. 306. The promise to pay the mortgage is as much a part of the consideration as are the notes of the purchaser, and it is certain that he can not defeat the collection of the latter upon the sole ground of a mere mistake in the description of the property intended to be conveyed.

One who assumes to pay a mortgage upon real estate purchased by him does not occupy the position of a subsequent *bona fide* purchaser; and the decisions holding that a mistake in a deed can not be reformed against such a purchaser have no application to cases where the purchaser expressly assumes payment of the mortgage. The party who assumes is not a stranger; he is a privy, and, as such, subject to the same equities which would have prevailed against his vendor. The person who assumes becomes the principal debtor, and he whose debt he assumes occupies the position of surety. *Halsey* v. *Reed*, 9 Paige, 445; *Russell* v. *Pistor*, 7 N. Y. 171; *Trotter* v. *Hughes*, 12 N. Y. 74.

There is no force in appellant's argument, that the appellees had lost their right to have the mortgage reformed, by delay. We think that the complaint explains the delay, and we are very sure that appellant's rights were not, and could not have been, prejudiced by the delay of which he now complains. It is difficult to perceive how a mortgagor in possession, and this is virtually appellant's position, can be prejudiced by the lenity of the mortgagee in delaying to coerce payment of his mortgage. *Potter* v. *Smith*, 36 Ind. 231; *Harper* v. *Terry*, 70 Ind. 264.

The sixth paragraph of the appellant's answer alleged, *inter alia*, that there was a mistake in the description of the lands in the conveyance to Wagaman's vendor, and that the former acquired no title, and therefore conveyed none. The answer does not present a defence, for the reason that it affirmatively appears that appellant was in undisturbed possession of the land in controversy. It is well settled that a purchaser in possession can not successfully resist payment of purchase-money upon the ground that the description of the land was uncertain or imperfect. *Conklin* v. *Bowman*, 11 Ind. 254; *McClerkin* v. *Sutton*, 29 Ind. 407; *Wiley* v. *Howard*, 15 Ind. 169.

The answer is insufficient because it fails to show any substantial injury to appellant. For anything that appears, the mistake in the description was one which appellant might readily have had corrected. No rights had intervened which would prevent appellant from acquiring a perfect and indefeasible title. The answer shows, when taken in connection with the undenied allegations of the complaint, a mutual mistake, and it is well settled that such a mistake may be corrected between original parties and privies. *Flanders* v. *O'Brien*, 46 Ind. 284; *White* v. *Wilson*, 6 Blackf. 448; *Sample* v. *Rowe*, 24 Ind. 208.

The questions presented upon appellant's counter-claim and upon the evidence are substantially the same as those already discussed, and need no further consideration.

We find no error in the record, and therefore affirm the judgment, at the costs of appellant.