Jones v. Sweet *et al.*

8055.

JONES *v.* SWEET ET AL.

MORTGAGE.—*Reformation.—Complaint.—Mistake in Description and Date. —Intention of Parties.*—A complaint to reform a mortgage, which shows that by mistake of the scrivener a term in the description of the land, and the year in the date, were written different from the term and the date intended by the mortgagors, a husband and wife, contains a cause of action against the widow and heirs of the husband for a reformation of the mortgage, to conform it to the intention of the parties.

SAME.—*Answer.—Foreclosure not a Bar.*—In such case, an answer by the widow and heirs of an intestate mortgagor, that the mortgagee has procured a decree of foreclosure of the defective mortgage, constitutes no bar to the action.

SAME.—*Evidence.—Preliminary Verbal Contract.—Intention.*—On trial of such action, testimony tending to show the facts surrounding the parties at the time the mortgage was executed, and the preliminary verbal contract, is competent for the purpose of ascertaining the intention of the parties, and whether or not the instrument fairly speaks that intention.

SAME.—*Contract.—Merger.*—In such case, the general rule, that prior verbal negotiations are merged in the writing, and can not be proved for the purpose of controlling or modifying the written contract, does not apply.

From the Wayne Circuit Court.

*W. A. Peelle, D. W. Comstock* and *C. H. Burchenal,* for appellant.

*T. J. Study, M. Wilson* and *L. D. Stubbs,* for appellees.

MORRIS, C.—This action was brought by the appellant against the appellees, the surviving widow and heirs of Henry Sweet, deceased, to reform and foreclose a mortgage executed to him by said Henry Sweet and his wife, Lucinda Sweet, to secure the payment of $1,500, borrowed by said Henry Sweet of the appellant.

The complaint consisted, originally, of one paragraph. Some of the appellees demurred to it and others answered it. Some of the demurrers were sustained and some overruled. The appellant demurred to some of the answers, which were overruled. He replied and demurrers were filed

and sustained to the special replies, leaving the case at issue upon general denials to the answers. The appellant then obtained leave to amend his complaint by adding a second paragraph. As the second paragraph of the complaint contains all that the first contained, and the case seems to have been tried upon it, and as the questions reserved as to the rulings upon the first and the answers thereto and the replies are not pressed by the appellant, they will not be noticed.

The facts stated in the second paragraph of the complaint are, in substance, as follows :

On the 2d day of January, 1875, the said Henry Sweet, being desirous of obtaining from appellant a loan of $1,500. for the benefit of himself and wife, proposed to the appellant that if he would loan him said sum for one year, he would secure the same by a mortgage, executed by himself and wife, upon sixty acres of land off the east end of 120 acres in the southeast quarter of section 29, township 15, range 13, in Wayne county, Indiana, on which he and his wife then resided ; that the appellant accepted the proposition and made the loan, for which Henry Sweet executed to him a note for the $1,500, payable, with ——— per cent., in one year ; that at the time said Sweet obtained said loan he owned all of said southeast quarter except a strip nearly 40 rods in width, off the north side of the same, extending the whole length of said quarter, and that neither he nor his wife then owned any land in the southwest quarter of said section ; that, on the day and at the time the loan was made, said Sweet, in pursuance of said agreement, employed a scrivener to draw up a mortgage, and, the better to enable said scrivener to describe the land intended to be mortgaged, said Sweet placed in his hands a deed to him for said 120 acres of land, and directed him to draw up said mortgage, and to include and describe therein 60 acres off the east end of said 120 acres ; that said scrivener then drew up said mortgage, which was executed by the said Sweet and

wife, and was delivered to and accepted by the appellant, with the full belief and understanding of all the parties, that it was drawn in accordance with the agreement, and that it constituted a valid lien upon the land agreed to be mortgaged ; that said mortgage had been duly recorded in Wayne county, on the 6th day of January, 1876 ; that said scrivener in drawing said mortgage, made a mistake in this, that he described said land as being a part of the *southwest,* instead of the southeast, quarter of said section 29, and that, by a like mistake and oversight, he dated said mortgage and the acknowledgment of the same January 2d, 1874, instead of 1875 ; that said mistakes were not discovered by the appellant for a long time thereafter and not until shortly before this suit was commenced ; that after the execution of said mortgage, and before the maturity of the note in suit, the said Henry Sweet died testate, devising and bequeathing all his estate to his wife, Lucinda Sweet, for life, with remainder over to the other appellees ; that after the maturity of the mortgage debt, without having discovered said mistakes, the appellant brought a suit against said widow and heirs of Henry Sweet for the foreclosure of said mortgage, and obtained a decree foreclosing the mortgage, and ordering the sale of the land therein described ; that no sale has been made ; that the decree is inoperative, because neither the deceased, Henry Sweet, his widow nor heirs had any right to, or interest in, the land described in said mortgage and decree ; that said mistakes were not discovered until after said decree had been taken ; that the appellees had refused to correct the said mistakes in said mortgage ; that the estate of said Henry Sweet is insolvent ; and that, unless said mortgage is reformed and said mistakes corrected, the appellant must lose his debt.

The prayer is, that the mortgage be reformed and foreclosed as reformed.

The appellees demurred to this paragraph of the complaint. The demurrer was correctly overruled. The widow, Lucinda, and the infant heirs, by their guardians, answered the complaint separately in two paragraphs. The first paragraph of each answer was the general denial. The second set up the proceedings referred to in the complaint foreclosing said mortgage, in bar of the suit. The appellant demurred to the second paragraph of these answers. The demurrers were sustained. The infant heirs also filed a plea of payment, to which the appellant replied by a denial.

The cause, being at issue, was by agreement submitted to the court for trial. The court found for the appellees. The appellant moved the court for a new trial, which motion was overruled, and judgment rendered for the appellees. The evidence is properly in the record.

The overruling of the motion for a new trial is one of the errors assigned, and, as it is the only one insisted upon by the appellant, it alone will be noticed.

One of the grounds upon which a new trial is asked for is the refusal of the court to allow Joseph C. Jones, a witness called to testify on behalf of the appellant, to answer a question propounded to him by the appellant, and the refusal of the court to permit the witness to testify to certain facts which the appellant proposed to prove by him.

The witness had testified that he was present when the note and mortgage were executed at the recorder's office in Connersville, and was acting for the appellant in making the loan. The appellant asked him this question : "State what conversation, if any, occurred between you and Henry Sweet prior to the execution of the papers marked Exhibit A and B (the note and mortgage) concerning the making of such note and mortgage." The appellees objected to the question. The appellant's counsel then stated to the court, "that he proposed to prove by said witness that the day preceding the drawing up and execution of said note and mort-

gage, he and the said Sweet, the mortgagor, had a conversation, in which said Sweet expressed the desire to borrow from said plaintiff the sum of $1,500 for one year, and proposed to give, as security therefor, a mortgage upon sixty acres of land off the east end of his home farm, consisting of 120 acres, in the south part of the southeast quarter of section 29, township 15, range 13 east, which land had been conveyed to him by Dickson Hurst, at the same time stating that he had already given a mortgage to the school fund on the west 60 acres of said farm ; that the said witness, acting as the agent of the plaintiff and by his authority, agreed to loan the said sum of money for one year upon the security so proposed ; and that it was agreed between them that they should meet at the recorder's office in Connersville the next day, to have the note and mortgage drawn up by one Sanders, and that said Sweet should bring his deed for the land and also bring his wife to execute the mortgage ; and that it was in pursuance of said agreement, and none other, that the parties met at such recorder's office and caused said instruments to be drawn by said Sanders." To this proposed testimony the defendants below objected, and the court sustained the objection and refused to allow the witness to testify to the facts so proposed to be proved by him.

We think the testimony so offered was competent, and that the court erred in excluding it. We have not been furnished with a brief by appellees, and can not say upon what ground they claim that the proposed testimony was rejected. We are informed by the appellant that the offered testimony was rejected on the ground that all the prior negotiations between the contracting parties were merged in the writings entered into by them in execution of the contract. It is a general rule, that, where parties reduce their verbal agreements to writing, all prior verbal negotiations are merged in the writing, and can not be proved for the purpose of controlling or modifying the written contract. But,

in suits to reform a written contract, entered into through mistake, it becomes important to ascertain the intention with which the contract was made. If the intention of the parties can be clearly ascertained, then, if that intention has been defeated through the mutual mistake of the parties, a court of equity will reform the instrument so that it may conform to their intention. What did the parties intend by the execution of the mortgage in this case? To determine this question, the court may and should take into consideration all the facts surrounding the parties at the time the mortgage was executed; and, if there was a preliminary verbal contract, pursuant to which the mortgage was intended to be executed, it may also be considered, not for the purpose of compelling a specific performance of it, but for the purpose of ascertaining the intention of the parties, and whether or not the instrument executed fairly speaks that intention. The mortgage is well executed according to the forms of law, but, by mistake, a false term, it is alleged, has been inserted for that which the parties intended. Upon satisfactory proof, the court will strike out the false term and insert that intended by the parties, so as to make the instrument what the parties intended to make it. The court does not make, nor require the parties to make, a new mortgage, but conforms the mortgage already made to the intention of the parties. Upon this view rests the case of *Hamar* v. *Medsker*, 60 Ind. 413, and those which follow it.

If the preliminary verbal contract between the parties, pursuant to which the mortgage was executed, tended to throw any light upon the intention of the parties in executing the mortgage, then proof of such preliminary contract should have been admitted. And it is obviously immaterial, when offered for such purpose, whether it had been technically merged or not. If the mortgage was executed pursuant to, and intentionally in performance of, a preliminary verbal contract, the intention of the parties in executing the

mortgage could hardly be ascertained without first knowing what the preliminary contract was. We think it quite clear that the facts offered to be proved were competent.

In the case of *Hileman* v. *Wright*, 9 Ind. 126, the court say : "It is well settled that equity will relieve against mistakes or fraud in a sealed instrument on parol evidence; but only upon the clearest, most satisfactory proof of the actual agreement and the mistake." The court say further : "Upon this state of facts we think the court erred in dismissing the bill. The original contract was clearly ascertained," etc.

In the case of *Barnes* v. *Bartlett*, 47 Ind. 98, the court say : "To entitle a party to the reformation of a written instrument, it must be made to clearly appear that there was a mistake of fact, and not of law. That is, it must appear that something has been inserted contrary to the intention and agreement of the parties, or that something was omitted which it was intended should have been inserted." Without knowing what the preliminary agreement was, it would seem to be impossible to determine whether anything had been inserted or omitted, contrary to its terms, in the writing intended to be made in performance of it.

The following cases, cited by appellant, bear upon the question under consideration : *Gray* v. *Woods*, 4 Blackf. 432 ; *McKay* v. *Wakefield*, 63 Ind. 27 ; *Wainwright* v. *Flanders*, 64 Ind. 306 ; *Sample* v. *Rowe*, 24 Ind. 208 ; *Monroe* v. *Skelton*, 36 Ind. 302 ; *Mason* v. *Moulden*, 58 Ind. 1.

There was no error in sustaining the demurrers to the second paragraphs of the answers of the appellees. *Conyers* v. *Mericles*, 75 Ind. 443.

The judgment below should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellees.