Dunn v. Tousey et al.

---

No. 8609.

DÚNN v. TOUSEY ET AL.

PRACTICE.—*Motion to Strike Out.—Bill of Exceptions.—Supreme Court.*—Where a motion to strike out a pleading, or a part thereof, is sustained by the court, such pleading or part thereof is no part of the record thereafter, unless it be made such by bill of exceptions or order of the court; and, if this be not done, the ruling of the court, though erroneous and assigned as error, presents no question for the decision of the Supreme Court.

PLEADING.—*Causes of Demurrer.—Defect of Parties.*—A demurrer to a complaint or cross complaint, solely for the want of sufficient facts therein, will present no question in relation to any defect of parties.

MARRIED WOMAN.—*Mistake in Description of Land.—Reformation of Quitclaim Deed.*—A mistake in the description of land, in the quitclaim deed of a married woman, may be corrected and such deed reformed by the judgment of the proper court, either during or after the coverture.

STATUTE OF LIMITATIONS.—*Pleading.—Exceptions.*—Where a statute of limitations contains exceptions, it must be pleaded to be made available, unless the complaint or cross complaint shows on its face that the plaintiff or cross complainant is barred, notwithstanding the exceptions.

HUSBAND AND WIFE.—*Lands Sold on Execution.—Inchoate Interest of Wife.—Conveyance.*—Where the lands of the husband had been sold on execution, it was competent for the wife, her husband joining with her, to sell and convey her inchoate interest in such land; and, in such a case, a quitclaim would have the same force and effect as a warranty deed.

Dunn v. Tousey et al.

From the Perry Circuit Court.

W. A. May, H. J. May, C. L. Wedding, G. W. Galvin and S. A. Huff, for appellant.

G. T. Porter and H. T. Tincher, for appellees.

HOWK, J.—This action was brought by the appellant to obtain the partition of certain real estate, in Perry county. In her complaint, she alleged in substance that she was the owner, in fee simple, of the undivided one-third part of such real estate, as a tenant in common with the appellees, who were the owners of the other undivided two-thirds part thereof; that the appellees also claimed to be the owners of the appellant's undivided one-third part of said real estate, under and by virtue of a deed purporting to have been executed by her, which deed, she averred, was illegal and void as to her, for the reason that it was uncertain and the description of property therein was insufficient and void; that the appellees had been in the possession of said real estate, and receiving rents and profits, for fifteen years last past; and that, during all that time, the annual rental value of said land was $1,000, the one-third part of which rent belonged to her; wherefore she asked for an accounting as to such rents and profits, and that one-third of the real estate be set off to her in severalty, freed from appellees' claims thereon.

The appellees answered the complaint by a general denial. They also filed a cross complaint, wherein they alleged that a mistake existed in the appellant's deed, mentioned in her complaint, in the description of the real estate intended to be conveyed thereby; and they prayed that the deed might be reformed and the mistake therein corrected, and their title quieted as to all said real estate. To this cross complaint the appellant answered specially, in a single paragraph; and the appellees' demurrer to this answer, for the want of sufficient facts, was sustained by the court. The appellant excepted to this ruling, and, declining to amend or plead further, judg-

ment was rendered against her, in favor of the appellees, for the relief demanded in their cross complaint.

The issues joined on the appellant's complaint were tried by the court, and a finding was made for the appellees; and thereon judgment was also rendered against the appellant for the appellees' costs.

The appellant has here assigned, as errors, the following decisions of the circuit court:

1. In sustaining appellees' motion to strike out part of her complaint.

2. In overruling her demurrer to appellees' cross complaint.

3. In sustaining appellees' demurrer to her answer to their cross complaint; and,

4. In rendering judgment in appellees' favor, on their cross complaint.

The first of these alleged errors presents no question for the decision of this court. It is settled by many decisions of this court, that where a pleading or any part thereof has been struck out or rejected in the trial court, such pleading or part thereof will not thereafter constitute a part of the record, unless it shall be made such, either by a bill of exceptions or by an order of the court. *The School Town of Princeton* v. *Gebhart*, 61 Ind. 187; *Berlin* v. *Oglesbee*, 65 Ind. 308; *Stott* v. *Smith*, 70 Ind. 298. In this case, the part of appellant's complaint, which the court struck out on appellees' motion, was not afterwards made a part of the record in either of the modes prescribed by law. Code of 1852, sec. 559; Code of 1881, sec. 638; sec. 650, R. S. 1881.

2. In their cross complaint, the appellees alleged in substance, that in 1821, one Nathaniel Ewing entered and received from the United States a patent for the following real estate in Perry county, Indiana, to wit: Fractional sections 31 and 32, in township 7 south, of range 2 west; that afterwards, on July 7th, 1821, the said Nathaniel Ewing sold and conveyed to Casper Stonemitz a portion of said lands, described as follows: 319 acres off of the lower part of said

fractional sections 31 and 32, to be so located that the line, cutting off said 319 acres, should begin at the Ohio river, and be run thence through the tracts, parallel with the opposite section lines; that afterwards, on January 1st, 1850, the said Nathaniel Ewing died intestate, seized in fee of the remainder of said fractional sections 31 and 32, containing about 320 acres; that afterwards, on December 7th and 9th, 1853, and during 1854, the heirs at law of said Nathaniel Ewing, deceased, by their deeds in fee, conveyed to John P. Dunn, then in full life but since deceased, all of said fractional sections 31 and 32 of which said Nathaniel Ewing died seized; that afterwards, on October 26th, 1863, the said John P. Dunn sold to the defendant George Tousey the tract of land last above described, and, on the day and year last named, the said John P. Dunn and the appellant, Margaret E. Dunn, then his wife and since his death his widow, by their deed in fee of that date, a copy of which was filed with and made a part of said cross complaint, attempted and intended to convey to said George Tousey the said last described tract of land, by the following correct description thereof, to wit: "All that portion of fractional sections 31 and 32, in township 7 south, of range 2 west, in Perry county, Indiana, of which Nathaniel Ewing was the owner at the time of his death, containing 331 acres, more or less;" but that, by the mutual mistake of all the parties to said deed, and by mere inadvertence, there were omitted from such correct description, where they appear therein, the following words, to wit: "Of which Nathaniel Ewing was the owner at the time of his death."

And the appellees averred that they were the owners in fee and in possession of said tract of land, so sold by said John P. Dunn to said George Tousey, and which the said John P. Dunn and the appellant, Margaret E. Dunn, then his wife, on October 26th, 1863, by their said deed in fee of that date, so attempted and intended to convey to said George Tousey, and which, by the mutual mistake of all the parties to said deed, was so misdescribed therein; and that the appellees,

except said George Tousey, had title to said tract of land, by conveyances mediately or immediately from said George Tousey. Wherefore the appellees demanded judgment, etc.

In discussing the alleged insufficiency of the appellees' cross complaint, the appellant's counsel have merely pointed out their objections to the pleading, and have submitted them without argument or the citation of authorities.    It is claimed by counsel, that the heirs at law of John P. Dunn, deceased, were necessary parties to the cross complaint to correct the mistake in his deed.    Conceding this to be true, and that the cross complaint was defective for the want of proper parties, yet the appellant can not complain of this defect in this court. She did not object to the cross complaint, on the ground of a defect of parties defendants thereto, in either of the modes prescribed by the code.    She demurred to the cross complaint solely for the want of sufficient facts therein.    It is well settled by the decisions of this court, that this ground of demurrer will present no question in relation to any defect of parties.    Thomas v. Wood, 61 Ind. 132; Cox v. Bird, 65 Ind. 277; Leedy v. Nash, 67 Ind. 311.    The defect of parties was not apparent on the face of the cross complaint, and, therefore, if such defect in fact existed, the objection could have been taken only by answer.    As the appellant filed no answer to the cross complaint, in this case, the objection thereto on the ground of a defect of parties must be deemed to have been waived.    Code of 1852, sec. 54; Code of 1881, sec. 89; sec. 343, R. S. 1881.

The appellant's counsel further say :   " Equity will not correct a quitclaim deed, as against a feme covert, either during or after coverture."   Counsel have cited no authorities in support of this proposition, and it can not be regarded as a correct statement either of law or equity, in this State.    This court has decided that where a married woman has sold, and, with her husband, has conveyed her own real estate, in pursuance of the statute of this State, a mistake in the description of the lands intended to be conveyed will be corrected against

her, or, after her death, against her heirs. *Hamar* v. *Medsker*, 60 Ind. 413; *Carper* v. *Munger*, 62 Ind. 481; *McKay* v. *Wakefield*, 63 Ind. 27; *Wilson* v. *Stewart*, 63 Ind. 294. *A fortiori*, it seems to us, that where a married woman has joined with her husband in the conveyance of his real estate, in which she had, at most, a mere inchoate interest, a mistake in the description of the lands intended to be thus conveyed, may be corrected against her, either during or after the coverture.

Appellant's counsel further say, "that the right to have such deed corrected, if such right ever existed, was barred by the statute of limitations of fifteen years." In *Potter* v. *Smith*, 36 Ind. 231, it was said by WORDEN, C. J., speaking for the court: "The statute of limitations contains various exceptions, as the disability of the plaintiff, non-residence of the defendant, etc.; and, where such is the case, it is the settled rule that the statute, if relied upon, must be pleaded, unless, indeed, the complaint shows affirmatively that the plaintiff is barred, notwithstanding the exceptions. The reason is, that the case may be within some of the exceptions, and the plaintiff is not bound to anticipate the defence of the statute and show his case to be within the exception without knowing that such defence will be made. Upon the statute being pleaded, he may reply the exception." *McCallam* v. *Pleasants*, 67 Ind. 542; *Harper* v. *Terry*, 70 Ind. 264; *Figart* v. *Halderman*, 75 Ind. 564.

Conceding, without deciding, that a suit to correct an alleged mistake in a deed must be commenced within fifteen years after the cause of action has accrued, we are of the opinion that the court committed no error, on that ground, in overruling the demurrer to the cross complaint. For it does not appear, from the facts alleged in the cross complaint, that, when the cause of action accrued, the appellees or the appellant were not, and had not since continued, within some of the exceptions in the statute of limitations.

The last objection, pointed out by appellant's counsel to the sufficiency of the cross complaint, is thus stated: "The

relief asked by the cross complaint is not tangible. The deed, as corrected, is just as defective as before. It did not, and does not, describe any land." This objection to the cross complaint is not well taken. The alleged mistake in the deed was a material one; and the deed, as corrected, was certainly not so defective as it was before its correction. The real estate, attempted and intended to be conveyed by the deed of the appellant and her deceased husband, can be readily ascertained and located by the corrected description thereof; and such a description is sufficient. *Parker* v. *Teas,* 79 Ind. 235.

Our conclusion is that the court did not err in overruling the appellant's demurrer to appellees' cross complaint.

3. In her answer to the cross complaint, the appellant alleged in substance, that, at the time of her execution of the deed mentioned in the cross complaint, she was the wife of said John P. Dunn; that before the execution of said deed, and while she was the wife of said Dunn, he, the said John P. Dunn, by his separate mortgage, had conveyed his interest in said real estate, and said mortgage had been foreclosed, and said George Tousey had bought said land at sheriff's sale; and that said John P. Dunn had no interest in said lands for eight years preceding the execution of said deed; and that the appellant's one-third interest in said lands did not descend to her, nor become absolute, until December, 1867, when said Dunn died, leaving appellant as his widow; and that she never joined in the conveyance by which said John P. Dunn conveyed his interest in said real estate, and, in no manner, conveyed her interest therein, except by the deed pretended to have been executed in 1863, as stated in the cross complaint. Wherefore she said that the said deed was void as to her, and she asked that one-third of said land be set off to her, and for all proper relief.

It would seem from the allegations of this answer, although the facts are not very fully or clearly stated therein, that, for eight years prior to the execution of the deed described in the cross complaint, the appellant's husband, John P. Dunn, had

no title, interest or estate whatsoever, in or to the real estate in controversy. During those eight years, by reason of her previous and existing coverture, the appellant, as the wife of said John P. Dunn, had and held an inchoate interest or estate in the one-third part of said real estate; which inchoate interest or estate, under the law of this State then in force, would vest and become absolute in her, only in the event of the prior death of said John P. Dunn, and at the time of such death, leaving her surviving him. The deed described in the cross complaint was executed on October 26th, 1863, by the appellant and her husband, John P. Dunn, it may well be supposed, in the absence of any averment to the contrary, for the purpose of conveying to the grantee, in such deed, the inchoate interest or estate of the appellant in the real estate described therein. It is claimed, however, that the appellant's inchoate interest or estate in said real estate did not vest or become absolute in her until long after the execution of said deed, upon the death of her husband, John P. Dunn, in December, 1867.

The theory of the appellant's answer manifestly is, that the appellant, until the death of her husband, John P. Dunn, leaving her surviving him, had no title, interest or estate, in or to the lands in controversy, which she could sell and convey; and that, therefore, the deed described in the cross complaint, executed by her and her husband in his lifetime, was void as to her, and did not operate as a conveyance of her inchoate interest and estate in the real estate, which could not and did not, under the law then in force, vest and become absolute in her, until the death of her said husband, in December, 1867, more than four years after the execution of her said deed. We are not satisfied with this theory, and it seems to us to be in direct conflict with the provisions of the act of May 14th, 1852, "regulating descents and the apportionment of estates." If the appellant, at or after the death of her husband, John P. Dunn, had or held any interest or estate in the lands in controversy, she did so, as it seems to us, upon the facts stated as well in her complaint as in the cross complaint, in contraven-

tion both of the letter and spirit of the statute. In section 27 of the descent law, it is provided as follows:

"A surviving wife is entitled, except as in section seventeen excepted, to one-third of all the real estate of which her husband may have been seized in fee simple, at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law," etc. 1 R. S. 1876, p. 413; section 2491, R. S. 1881.

Appellant's husband, John P. Dunn, had been seized in fee simple of the real estate in controversy, during the marriage, and there had been a judicial sale of the land, under a judgment against him alone, where the appellant's inchoate interest in the land had not been directed by the judgment to be sold or barred by virtue of such sale. It is clear, therefore, that, upon the subsequent death of said John P. Dunn, the appellant as his surviving wife would have been entitled, under the provisions of said section 27 of the law of descents, to one-third of the real estate in controversy, if it could not be correctly said that she had joined with her husband, in his lifetime, in the conveyance thereof, "in due form of law." Under the facts of this case, as stated both in the complaint and cross complaint, the appellant, as the surviving wife of John P. Dunn, was not entitled, upon the death of her husband, to any interest or estate in the lands in controversy, *except* such interest or estate, if any, as she might take under and by force of the provisions of said section 27 of the statute regulating descents. This section of the statute, as we construe its provisions, plainly recognizes the right of the wife, and, by strong implication, confers upon her the power, to join with her husband, during the coverture, in the execution in due form of law of such a conveyance of any real estate, of which he may have been seized in fee simple, as will defeat and bar such title, interest and estate, as otherwise she would have taken therein, under said section, at the death of her husband, if she survived him. In such a case, and for such purpose, a quitclaim deed will have the same force and effect as would

a warranty deed.   In section 9 of the act of May 6th, 1852, concerning real property and the alienation thereof, it is provided that " A deed of release or quitclaim shall pass all the estate which the grantor could convey by a deed of bargain and sale."   1 R. S. 1876, p. 364; section 2924, R. S. 1881.

The appellees' demurrer to appellant's answer to their cross complaint was, we think, correctly sustained.

4. What we have said in considering the other errors assigned leads us to the conclusion that the court committed no error in rendering judgment for the appellees on their cross complaint.   The facts stated in the cross complaint were not denied by the appellant, and were, therefore, taken as true. Upon these facts, it is clear, we think, that the appellees were entitled to a judgment, for the reformation of their deed from appellant, and quieting their title, as against her, to the real estate in controversy.

The judgment is affirmed, at the appellant's costs.