## SAWICKI ET UX. *v.* TYLISZ ET UX.

[No. 12,649.   Filed May 17, 1927.]

1. VENDOR AND PURCHASER.—*Sufficiency of complaint for purchase price under contract of sale.*—A complaint by vendors to recover from the purchasers the stipulated price of real estate under a verbal contract of sale which alleged that the defendants had entered into possession of the real estate and had at all times since had possession thereof was sufficient without an averment that the plaintiffs had performed all of the conditions of the contract on their part to be performed, where there were no other conditions of the contract for them to perform.   p. 179.

2. VENDOR AND PURCHASER.—*Purchasers who have accepted deed with inaccurate description cannot defeat collection of purchase money.*—Purchasers of real estate, having accepted a conveyance thereof containing an inaccurate description, have a right to have the deed reformed so as to convey the land contracted for, and they cannot hold such right and defeat the collection of the purchase money.   p. 179.

3. VENDOR AND PURCHASER.—A purchaser of real estate in possession cannot successfully resist payment of the purchase money on the ground that the description of the land in the deed is uncertain or imperfect.   p. 179.

From LaPorte Circuit Court; *John C. Richter,* Judge.

Action by Joseph Tylisz and wife against Stanly Sawicki and wife. From a judgment for plaintiffs, the defendants appeal. *Affirmed.* By the court in banc.

*L. Darrow, Earl Rowley, C. V. Shields* and *John Lass,* for appellants.

*M. E. Leliter,* for appellees.

NICHOLS, J.—This is an action by appellees under a certain contract for the failure of appellants to pay to appellees $500 and interest, based wholly upon 1-3. a parol contract, and to set aside conveyance made by appellants of certain real estate, to set aside a bill of sale executed by appellants, and to enjoin appellants from selling and disposing of their real estate and personal property. There was a separate and several demurrer to the complaint by appellants which was overruled. Appellants refused to plead further and the court rendered judgment on the demurrer, from which this appeal, appellants assigning as error the court's action in overruling their demurrers, under which, they present by memorandum to their demurrer that the complaint fails to show that appellees performed all the conditions of the contract on their part to be performed, and that the description of the real setate involved in the transaction was defective and insufficient. As to the first question presented, the contract involved was one of sale of real estate and the payment of the purchase money therefor. The complaint clearly avers that appellants entered into possession of the real estate and personal property sold on or about July 1, 1924, and have at all times since had possession thereof. There were no other conditions of the contract for appellees to perform. They have only to receive the purchase money from appellees when due. Appellants had purchased the real estate involved, accepting the conveyance thereof by an imperfect and inaccurate description. This gave a right to have the deed which they had received reformed and to secure the land contracted for. They cannot hold this right

and defeat the collection of the purchase money.    It is well settled that a purchaser of real estate in possession cannot successfully resist payment of the purchase money upon the ground that the description of the land was uncertain or imperfect.    *Figart* v. *Halderman* (1881), 75 Ind. 564; *McClerkin* v. *Sutton* (1868), 29 Ind. 407.

Judgment affirmed.

Dausman, J., absent.