## FLANDERS v. O'BRIEN.

MISTAKE.—*Mortgage.*— *Judgment Creditor of Mortgagor.*—A mortgagee cannot have his mortgage reformed and corrected on the ground of a mistake in describing the real estate, so as to make the mortgage cover another and different tract of land than that described therein, as against a judgment creditor who has purchased in good faith, for a valuable consideration, judgments rendered against the mortgagor after the execution of the mortgage.

From the Hamilton Common Pleas.

*D. Moss* and *F. M. Trissal*, for appellant.

*W. O'Brien, R. Graham, J. E. McDonald, J. M. Butler, F. B. McDonald*, and *G. C. Butler*, for appellee.

DOWNEY, J.—This was an action by the appellee against the appellant and others, to reform a mortgage executed by one James O'Brien to the plaintiff, and to foreclose the same. There are three tracts of land mentioned in the mortgage, one of which is the south-east quarter of a designated section, and it is alleged that the south-west quarter of the section was intended. The appellant was made a defendant, because he was the owner, by assignment, of several judg-

ments which had been rendered against the mortgagor after the execution of the mortgage. The only question in the case is, whether the mistake can be corrected as against the appellant, as the holder of such judgment incumbrances, he having purchased the same for a valuable consideration, and taken an assignment of them without any notice of the mistake in the mortgage, or that it was intended to include the omitted land.

Upon a former consideration of the case, we concluded that the mistake could be corrected as against him. We so held on the authority of *White* v. *Wilson*, 6 Blackf. 448, and *Sample* v. *Rowe*, 24 Ind. 208. On application of appellant, and upon further consideration, we granted a rehearing. The case is now again before us for a final decision.

As between a mortgagee and a judgment plaintiff, it seems settled by the cases to which we have referred, that a mistake in the description of the land intended to be mortgaged may be corrected at the instance of the mortgagee, his mortgage being older than the judgment. It was said in the first named case, " that, in all cases of mistake in written instruments, courts of equity will interfere as between the original parties, or those claiming under them in privity, such as personal representatives, heirs, devisees, legatees, assignees, voluntary grantees, or judgment creditors, or purchasers from them with notice of the facts."

The equity in favor of the mortgagee in such cases may be stronger than that in favor of the judgment plaintiff. The judgment plaintiff has not, probably, parted with his money on the faith of the apparent facts. But where the judgment has been sold and assigned to one ignorant of the mistake in the mortgage, and who has expended his money upon the faith of the rights of the parties, as they appear in the respective securities, it is difficult to see any superior equity in the mortgagee. Such purchaser of the judgment has acted upon the apparent facts of the case, as the parties have allowed them to exist. It is their fault if the papers do not speak the truth, and it may be unjust that their mistakes

should be cured to his injury, who has been misled by their failure to attend carefully to their own business.

Upon the best consideration which we have been able to give the question, we have come to the conclusion that the mortgagee in such case, where the judgment has been assigned to, and is held by, one who purchased it in good faith, without notice, and for a valuable consideration, has no superior equity, and no right to have the mortgage reformed, and the mistake corrected. The doctrine of the cases cited is not so clearly equitable as to warrant its extension or application to cases not coming clearly within the rule.

The judgment, as to the appellant, is reversed, with costs, and the cause remanded, for further proceedings in accordance with this opinion.

Petition for a rehearing overruled.