Snipes v. Jones et al.

---

## SNIPES v. JONES ET AL.

**JUDGMENT.**—*Pleading.*—*Complaint to Review Judgment.*—*Demurrer.*—Where a party defendant to a foreclosure suit is duly served with process, and a co-defendant files a counter-claim against him for an adjustment of equities arising out of claims upon the mortgaged property, and a judgment by default is taken upon such counter-claim, a complaint, under section 99 of the code of civil procedure, to set aside such judgment, which alleges, that the plaintiff, after the commencement of the foreclosure suit, called upon plaintiff's attorney in that proceeding, and was by him informed, that it would be useless to employ counsel to look after his interest, as plaintiff asked no personal judgment against him, and that he paid no further attention to the case, etc., and alleging a defence, is not good on demurrer. Such complaint does not show mistake, inadvertence, surprise or excusable neglect, as contemplated by section 99 of the code.

From the Hendricks Circuit Court.

*E. F. Ritter, L. C. Walker* and *L. Ritter,* for appellant.
*L. M. Campbell,* for appellees.

PERKINS, J.—Complaint under section 99 of the code of practice, 2 R. S. 1876, p. 82, to set aside a judgment by default, rendered against the complainant, as is alleged, by mistake, inadvertence, surprise and excusable neglect.

The facts are, that Jesse Jones instituted a suit, in the Hendricks Circuit Court, to foreclose a mortgage, making Joseph, Elizabeth and Jacob Walker, John and Mary Hyatt, Jesse L. and Elizabeth Snipes, John and Mary Mathes, and Henry and Hannah Newland, defendants. They were all duly served with process requiring them to appear at the November term, 1874, of said court.

The mortgage sought to be foreclosed was executed on certain ground, by Joseph and Elizabeth Walker. Snipes purchased a part of the mortgaged property and assumed payment of an amount of the mortgage debt. Others of the defendants had acquired interest in the mortgaged premises.

On the 22d of February, 1875, being the 19th day of the February term of said court, of said year, John Hyatt and wife filed a counter-claim against their co-defendants for an adjustment of equities arising out of claims upon the mortgaged premises.

Afterward, on the 24th of February, being the twenty-first judicial day of said February term, the defendants were defaulted on the original complaint and counter-claim, and a decree was rendered in which Hyatt was granted relief against Snipes on his counter-claim.

The grounds alleged in the complaint for vacating the judgment by default are these:

" After the commencement of the suit to foreclose the mortgage, and before the first term of the court thereafter, I called upon John V. Hadley, the attorney of the plaintiff in said suit, and said Hadley informed me that it

would be useless to employ counsel or make appearance in said suit, as the plaintiff asked no personal judgment against him, said Snipes, and that they only sought to foreclose the mortgage and a personal judgment against the defendant Joseph W. Walker. I informed said Hadley of my connection with said property, as set out herein below. Whereupon, after receiving said promise and advice from said Hadley, I returned home, and never heard, nor had any knowledge, of the filing of the counter-claim of said Hyatt against me, or that said Hyatt had taken judgment against me thereon, until long after the adjournment of said term of this court, and about the 25th day of March, 1875."

A demurrer to this complaint was sustained, and final judgment rendered against the plaintiff, on the ground that it did not show sufficient cause to justify the setting aside of the judgment by default.

The correctness of the ruling on demurrer is the only question presented to this court. The complaint makes the necessary allegations as to the existence of a meritorious defence. We do not think the complaint shows a case of mistake, inadvertence, surprise or excusable neglect. On the other hand, in our opinion, it presents a case of gross carelessness and inexcusable neglect. Snipes knew of the conflicting claims of the defendant; this was enough to put him on inquiry as to the right to file counter-claims, etc.

The attorney of the plaintiff was not the proper person for him to consult as to the rights of the defendants between themselves. He should have procured an independent attorney to represent his interest in this particular. It is proper that we should here say, that the attorney of the opposite party in this case did not give said Snipes false information, but only bad advice.

Let men learn to properly attend to their own business, and in due time, even if it involves the necessity of pay-

ing a fee to an attorney. It were wiser to pay a fee to prevent a judgment, than for fruitless efforts to vacate it. The judgment is affirmed, with costs.