## WAINWRIGHT, ADMINISTRATOR, v. FLANDERS.

MORTGAGE.— *Mistake.*— *Action to Reform, Against Judgment Creditor.*—
*Purchaser Without Notice.*—A mortgage may be reformed as against the
judgment plaintiff, so as to include real estate upon which a judgment is
a lien, and which, by mistake, was not included in the mortgage ; but
such reformation can not be had as against a purchaser of such judgment
for a valuable consideration, without notice of the mistake made in the
mortgage.

SAME.—*Evidence of Notice.*—In an action by the holder of such mortgage,
against such purchaser, to reform such mistake, of which the defendant
was alleged to have had notice, the mistake being a misdescription of one
of several tracts of land intended to have been included in the mortgage,
the plaintiff offered to prove that the defendant had insisted on, and suc-
ceeded in, purchasing the judgment at much less than its face, by reason
of the existence of the mortgage as a prior lien.

*Held,* that the exclusion of the evidence was not error.

From the Tipton Circuit Court.

*J. O'Brien, T. J. Kane, N. R. Overman, W. Garver, R.
Graham, J. E. McDonald, J. M. Butler, F. B. McDonald
and G. C. Butler,* for appellant.

*F. M. Trissal,* for appellee.

WORDEN, J.—This case has once before been in this court,
and the decision is reported under the name of *Flanders*
v. *O'Brien,* 46 Ind. 284. Reference may be had to that case
for a statement of the general facts involved.

After the case went back from this court, the complaint
was so amended as to charge Flanders with notice of the
mistake in the plaintiff's mortgage, before he purchased
the judgments mentioned.

Flanders answered, among other things, by general
denial. William O'Brien, the original plaintiff, having died.
Wainright, his administrator, was substituted as plaintiff.

The cause went on change of venue to Tipton county,
for trial, where it was tried by the court, resulting in a
finding and judgment for the appellee, Flanders.

The appellant, as we understand the brief of counsel, makes but two points: First, that the finding is not sustained by the evidence and is contrary to law; and second, that the court erred in excluding certain evidence offered.

When the case was in this court before, it was held, after pretty mature consideration, a rehearing in the cause having been granted, that a mortgagee could not have his mortgage reformed and corrected, as against the purchaser in good faith, for a valuable consideration, of a judgment which was a lien upon the land which was intended to be, but by mistake was not, embraced in the mortgage, the purchaser of the judgment having no notice of the mistake at the time of his purchase.

The case of *Flanders* v. *O'Brien, supra,* was cited approvingly in the case of *Busenbarke* v. *Ramey,* 53 Ind. 499. See, also, the case of *Burke* v. *Anderson,* 40 Ga. 535. The counsel for the appellant have called our attention to the case of *Strang* v. *Beach,* 11 Ohio State, 283, but we find nothing in that case which shakes our confidence in the correctness of the conclusion heretofore arrived at upon this point.

It is true, that such mistake may be corrected as against an original judgment creditor. He did not acquire his lien by contract. He did not advance his money to acquire his lien. His lien is an incident attached by law to his judgment. See *Burke* v. *Anderson, supra.* Not so, however, with reference to one who purchases the judgment for a valuable consideration, without notice of the mistake in the execution of the mortgage. He finds certain lands of the judgment debtor not embraced in the mortgage, on which the judgment is a lien. On the faith of such lien he advances his money and purchases the judgment. His equity is at least equal with that of the mortgage creditor, through whose negligence,

or that of those employed by him, the mistake has been brought about, and he has the law on his side, which makes the judgment a lien on the land of the judgment defendant, subject only to the lien of the mortgage on such portions of the land as are embraced therein. The case comes within the principle laid down by JUDGE STORY, as follows:

"Another maxim is, that where there is equal equity, the law must prevail. And this is generally true; for, in such a case, the defendant has an equal claim to the protection of a court of equity for his title, as the plaintiff has to the assistance of the court to assert his title; and then, the court will not interpose on either side; for there the rule is, *' In æquali jure melior est conditio possidentis.* And the equity is equal between persons, who have been equally innocent and equally diligent." 1 Story Eq., sec. 64 *c.* In a note to the section above cited it is said, "So equity will not interfere to set up a prior unsealed mortgage against a judgment creditor," citing *Pratt* v. *Clemens,* 4 W. Va. 443.

The counsel for the appellant say, "We do not see how Flanders can have relief against the plaintiff in this cause, under the law as stated in Story's Equity Jurisprudence, 11th ed., sec. 165."

This is not quite the correct way of putting the case involved. Flanders is not seeking relief against the plaintiff. He desires simply to be let alone in the possession of his legal right to the lien which the law gives him by his judgment, upon the land not embraced in the plaintiff's mortgage, undisturbed by any supposed equity in the plaintiff to have his mortgage corrected, and thereby gain a priority over him. It is the plaintiff who is seeking, by the aid of supposed equitable principles, to obtain relief against the lien of the judgments which Flanders has purchased, and to obtain priority.

Section 165 of the learned author's commentaries, above alluded to, is as follows:

" In all cases of mistake in written instruments, courts of equity will interfere only as between the original parties, or those claiming under them in privity, such as personal representatives, heirs, devisees, legatees, assignees, voluntary grantees, or judgment creditors, or purchasers from them, with notice of the facts. As against *bona fide* purchasers for a valuable consideration without notice, courts of equity will grant no relief; because they have, at least, an equal equity to the protection of the court."

The counsel for the appellant, after quoting the above section, say, " This is the entire section, in support of which numerous authorities are cited as supporting the doctrine contained in the section. We do not repeat the citation of authorities here because they are not within our reach, but are in the library to which this court has access."

We have examined all the authorities cited in the notes to the section above quoted, and have found no case which holds that a mortgage will be corrected as against the purchaser of a judgment in good faith and for a valuable consideration, without notice of the mistake. Indeed, we have found no case which, in our opinion, is at all in conflict with the view which we have taken of the question.

Upon an examination of the evidence in the cause, we can not say that it was shown that Flanders, when he purchased the judgments, had any notice that any land was intended to be embraced in the mortgage, which was not embraced in it. In other words, we can not say that the finding was not sustained by the evidence.

We come to the excluded evidence.

One McCole had sold to Flanders a judgment against James O'Brien, and the plaintiff, having examined McCole as a witness in relation to the assignment of the judgment to Flanders, proposed to prove by him " that he sold his judgment against James O'Brien to the defendant, for the sum of fifty cents on the dollar, and that Flanders was

using the plaintiff's mortgage as an inducement to witness to sell his said judgment at a sacrifice." This evidence was excluded, and the plaintiff excepted.

Ezra Swain, who also sold to the defendant a judgment against James O'Brien, was examined by the plaintiff as a witness, and the plaintiff offered to prove by him, " that, on account of plaintiff's mortgage, which defendant Flanders represented to be the oldest lien upon the land, he was induced to sell, and did sell, his judgment to Flanders, for the sum of fifty cents on the dollar." This evidence was also rejected, and exception taken.

We can not say that any error was committed in the rejection of the evidence.

The fact, if it be a fact, that Flanders bought the judgment for fifty cents on the dollar, does not show that he was not a purchaser for a valuable consideration, nor does it tend to show that he had any notice of the mistake in the mortgage. Nor does the fact, that Flanders used the plaintiff's mortgage as an inducement to the judgment creditors of James O'Brien to sell their judgments, representing that it was the oldest lien on the land, have a tendency to show that he had any notice of the mistake in the mortgage. There were three tracts of land described in the mortgage. In one of the descriptions the south-east quarter of a section is mentioned, whereas the south-west quarter of that section was intended. The utmost that can be made of Flanders' statement as to the lien of the mortgage is, that it was the oldest lien upon the land described in the mortgage. The plaintiff did not offer to prove that Flanders, in any of the conversations, said or intimated that the mortgage was a lien on the south-west quarter of the section mentioned, which by the mistake was not embraced in the mortgage.

There is no error in the record.

The judgment below is affirmed, with costs.

Petition for a rehearing overruled.