No. 9592.

## HUFFMAN *v.* COPELAND ET AL.

PRACTICE.—*Failure of Party to Submit to Examination.*—*Striking out of Pleadings.*—*Witness.*—No question is presented upon the refusal of the circuit court to strike out a party's pleadings because of a failure to submit to examination, under section 510, R. S. 1881, unless the record shows that a good excuse for the failure was not offered.

FRAUDULENT CONVEYANCE.—*Husband and Wife.*—*Contract.*—*Consideration.*—*Partnership.*—A husband and wife and a third person did business as partners, agreeing to share profits equally ; money of the wife was used in the business ; large profits were made, but the husband having overdrawn his share, his debt to the firm was, by agreement of all the partners, charged to his wife's account, and in consideration of this adjustment he executed to her an agreement to convey to her, or to their daughter, certain real estate, and afterwards, being insolvent and indebted to plaintiff, conveyed to the daughter.

*Held,* that the agreement to convey rested upon a valuable executed consideration, and the conveyance made was valid as against the creditors of the grantor.

JUDGMENT.—*Lien of.*—*Assignor and Assignee.*—A judgment lien attaches to the precise interest which the debtor has in real estate, and no more, except that a good-faith purchaser and assignee of a judgment is protected (in this State) against secret equities inconsistent with the recorded title of the debtor.

From the Marion Circuit Court.

*D. V. Burns, C. S. Denny, J. R. Wilson* and *J. L. Wilson,* for appellant.

*N. B. Taylor, F. Rand* and *E. Taylor,* for appellees.

WOODS, C. J.—Action by the appellant to set aside as fraudulent a conveyance of real estate made by the appellees Joshua W. and Margaret B. Copeland to their daughter, the appellee Margaret B. Copeland, Jr.

The first question presented in the case is one of practice, and arises upon the motion of the appellant to have the answer of the defendant Margaret, Jr., struck from the files, because of her failure to appear according to notice given her and her co-defendants, for examination, as a party, before the trial, as provided in section 296 of the code of 1852. R. S. 1881, sec. 510. The record shows a notice signed by the attorneys of the appellant, requiring the said Margaret, Jr., to appear at a time and place specified, for her examination, and her failure to appear. The return of the sheriff upon this notice shows a service upon the defendants, all by reading, and upon the said Margaret, Jr., by copy also, more than five days

VOL. 86.—15

before the day appointed for the examination.   The record does not show explicitly whether any reason or excuse was offered for the failure of the party to appear as required by the notice.   Counsel for the appellee now claim that the action of the court below must be upheld:

1st. Because, the contrary not being shown, it must be presumed that a good excuse for the failure to obey the notice was shown.

2d. Because the notice was not properly served, in this: that a copy of the notice should have been left with each of the defendants, as well as with the one whom it was proposed to examine.

3d. That the service of a summons issued by the officer before whom the examination was to be had, or an order of court, was necessary to compel the attendance of the party, or to put her in contempt for failure to attend.

Deciding nothing upon the second and third propositions, we deem the first good.   The statute is that a " party refusing to attend and testify, * * may be punished as for a contempt; and his complaint, answer, or reply may be stricken out."   R. S. 1881, sec. 513.

The next point to be considered goes to the merits of the case. The question is presented in several ways in the record whether the conveyance in dispute was made upon a valuable consideration.   If it was, it must stand, but, if not, the appellant ought to prevail.

It is conceded that the grantee paid nothing, but it is insisted that her mother paid a full and valuable consideration. If so, it was as follows:

In 1868 Joshua and Margaret Copeland, being husband and wife, had been for some years in partnership in the millinery business, Mrs. Copeland having put $1,000 of her own money into the business; they then took Charles Annan into the firm, upon an agreement that each partner should have one-third of the profits of the business.   Large profits accrued, and, the said Joshua having overdrawn his share thereof

to the amount of $8,140, it was agreed between the partners that said sum should be credited on the books of the firm to said Joshua, and charged over to the account of Mrs. Copeland; and accordingly, on the 22d day of February, 1875, the credit to Copeland and the charge against Mrs. Copeland were entered on the books, and at the same time the said Joshua,, in consideration of the premises, executed to Mrs. Copeland a writing, whereby he agreed to convey the property in controversy to her, or to their daughter when she should become of age; and, in fulfilment of this agreement, the said Joshua and wife did, on the 13th day of October, 1879, sign, acknowledge and cause to be recorded the conveyance in question, and, after the recording thereof, the said Joshua placed the same in the hands of Mrs. Copeland for the said Margaret, Jr., and the same was delivered to and accepted by her "in the forepart of April, 1880." The plaintiff recovered a. judgment in the superior court of Marion county, where the property is situate, on the 15th day of April, 1880, against said Joshua, upon a contract made on the 23d day of August, 1879. The partnership aforesaid was wound up in July, 1878. Mrs. Copeland drew therefrom from time to time sums aggregating $22,500, which she invested in property in her own name.

Counsel for appellant, in their brief, say : " The appellant insists that a husband and wife could not be partners in a mercantile business, and the husband was entitled to all of the profits, and, therefore, the $8,000 of profits, which was the consideration of the deed, was the husband's money ; or, if it be held that the husband relinquished to his wife such profits, the relinquishment was not executed and completed till long after he was indebted to the plaintiff, and, therefore, the deed is. invalid as to the plaintiff."

It is doubtless true that the wife had no power to bind herself by the contract of partnership, or to incur any personal liability as a partner in the business ; nevertheless, it was competent for the husband and other partner, after his admission to the firm, to permit her to share in the business, which, in

part, was carried on with her separate means; and whatever may have been the rights of partnership creditors, if there were any, we perceive no ground upon which the individual creditor of the husband can claim that the transaction worked a legal injury to him, or upon which such creditor may dispute her right to her share of the profits; and when she consented to the charging to her account of the overdraft of her husband, and this was done by the act and consent of the partners, it afforded a sufficient executed consideration for the contract to convey. We think the contract, therefore, ought to be upheld as against the appellant.

It may be suggested that the contract may be deemed to have an element of consideration in the fact that Annan was a party to the agreement on which it was based. As a member of the firm, he might have insisted that Joshua Copeland should repay what he had overdrawn, instead of the debt being cancelled as it was and the assets of the concern thereby diminished. In this view it can not be said, if otherwise it might be, that the agreement to convey the land rested upon a division, between husband and wife alone, of profits which the husband might lawfully have taken as his own. There was in the transaction a surrender by a third person of an important right; one, at least, which may have been important.

Judgment affirmed.

### On Petition for a Rehearing.

Woods, C. J.—A rehearing is asked because it was not decided "whether the deed was delivered to the appellee Margaret, Jr., prior to the rendition of appellant's judgment," nor "the effect thereof in case it was not so delivered."

When the conclusion was reached that the contract for the conveyance rested upon a valuable consideration, and was therefore valid and binding, it became immaterial whether or not there was a delivery of the deed before the rendition of the judgment. The contract having been made and the consideration paid or executed, a conveyance under the contract

could not be defeated by the lien of a judgment subsequently rendered. The general rule is that the lien of a judgment, when it attaches to a parcel of property, becomes a charge upon the precise interest which the judgment debtor has, and no other; and "The attaching of the lien upon the legal title forms no impediment to the assertion of all equities previously existing over the property." Freeman Judgments, sections 356-7. The rule has been so far modified in this State as to protect the good-faith purchaser and assignee of a judgment lien against secret, unknown and unrecorded equities; inconsistent with the judgment debtor's recorded title. *Flanders* v. *O'Brien*, 46 Ind. 284; *Busenbarke* v. *Ramey*, 53 Ind. 499; *Wainwright* v. *Flanders*, 64 Ind. 306; *Armstrong* v. *Fearnaw*, 67 Ind. 429; *Tuttle* v. *Churchman*, 74 Ind. 311.

Upon the evidence in respect to the delivery of the deed, if the case depended on that, the verdict could not be disturbed.

Petition overruled.