No. 10,024.

TAYLOR v. MORGAN ET AL.

EQUITY.—*Law.*—Where equities are equal, the law prevails.
VENDOR AND VENDEE.—*Judgment Lien.—Notice.—Improvements.—Redemption.*—A purchaser of real estate must take notice of judgment liens, and if, in actual ignorance thereof, he purchases and makes valuable improvements, he can not, by paying upon the judgment the value of the property without the improvements, release the property from the lien of the judgment if not fully paid.

From the Huntington Circuit Court.

*J. C. Branyan, C. W. Watkins* and *M. L. Spencer,* for appellant.

*J. B. Kenner* and *J. I. Dille,* for appellees.

WOODS, C. J.—Complaint by the appellant to enjoin the sale of real estate on execution. The court sustained a demurrer to the complaint, and this ruling, it is asserted, was erroneous.

The facts alleged in the complaint are, that the appellant purchased and received of Thomas L. Lucas a warranty deed

for the property, on the 17th day of May, 1878, and paid therefor $150, the full value, and, in ignorance of any liens or encumbrances, took possession, and expended $860 in building upon the property a house and other lasting improvements; that there were, at the time of his purchase, two judgments of record against Lucas, which were liens upon the property, and, the property having been sold by virtue of an execution upon the prior judgment, the defendant Morgan, the assignee of the second judgment, which is for $917, and bears date April 15th, 1876, has redeemed from the sale under the first, has procured executions to be issued and levied upon the property by his co-defendant, the sheriff of the county, and has caused the same to be advertised for sale on a day named, and on that day will cause a sale to be made unless restrained; that Lucas is insolvent; that the entire value of the property, with its rents and profits, exclusive of the improvements made by the plaintiff, does not exceed $160, which sum the plaintiff tendered the defendants, to be applied on said executions, and demanded a release of the property, before bringing the action. Wherefore, etc.

Upon these facts the appellant contends that in equity and good conscience the property is subject to the lien of the judgments only to the extent of its value, exclusive of the improvements which the appellant placed upon the land in good faith and without actual notice of the judgment liens. Reliance is placed upon *Troost* v. *Davis*, 31 Ind. 34, and, in addition, are cited *Pettit* v. *Shepherd*, 5 Paige, 493; *Jackson* v. *Loomis*, 15 Am. Dec. 347, note; *James* v. *Morey*, 2 Cow. 246; *Sharpe* v. *Davis*, 76 Ind. 17; Freeman Judg., secs. 338, 357; Sedgw. Damages, 126.

It may be noted that the complaint does not show when, to whom and for what amount the sale on execution was made from which the appellee redeemed, nor that the purchaser at that sale had notice of the appellant's alleged equity; neither is it alleged that the appellee had notice of those equities when he took an assignment of the second judgment and redeemed

from the sale under the first. It does not appear, therefore, but that there are equities in favor of the appellee in all respects as strong as those asserted in the complaint. See *Tuttle* v. *Churchman*, 74 Ind. 311; *Wainwright* v. *Flanders*, 64 Ind. 306; *Busenbarke* v. *Ramey*, 53 Ind. 499; *Flanders* v. *O'Brien*, 46 Ind. 284. When equities are equal the law takes its course.

We are of opinion, however, that in such a case the improver of property can not claim to have acted without notice of judgment liens. The records constitute notice, of which he is bound to take cognizance, and if, without a proper investigation, he chooses to expend his money in improvements, he is no more entitled to protection in this particular than in respect to the original purchase-price paid for the conveyance.

It is true, as decided in the cases cited by the appellant, as a general rule, that the purchaser gets only the title or right of the judgment defendant, subject to all outstanding equities existing at the time when the judgment lien attaches; but this does not mean, and no case cited or known to us holds, that such an equity may be created and built up after, which had no inception before, the rendition of the judgment. Such is the proposition of the appellant, and we can not assent to it. Instead of certainty and regularity, the proposed doctrine would introduce doubt and confusion, and, as often as a case should arise, would offer the temptation and opportunity for fraud and perjury.

Indeed, if the doctrine, that a purchaser at an execution sale gets only the title of the judgment defendant, had any application, it would apply as well when the improvements are made with as without, notice because, in either case, they are something which was not a part of the property as owned by the judgment debtor when the judgment was entered and became a lien. But the authorities are uniform in denying relief to one whose rights were not acquired in good faith. Improvements on land, like houses and wells, when constructed by the owner of the fee, become a part of the realty,

and he must take notice that whatever lien there may be, which can be foreclosed or enforced upon the fee, will necessarily take with the fee such permanent structures as he may have chosen to erect. See *Catterlin* v. *Armstrong*, 79 Ind. 514; *Applegate* v. *Edwards*, 45 Ind. 329; *Pierce* v. *Alsop*, 3 Barb. Ch. 184; *Martin* v. *Beatty*, 54 Ill. 100; Freeman, *supra.*

Judgment affirmed.

ELLIOTT, J., concurs except in respect to the doctrine of *Flanders* v. *O'Brien*, cited in the opinion.