Whipperman *et al. v.* Dunn *et al.*

Filed June 18, 1890.

———————

No. 13,737.

WHIPPERMAN ET AL. *v.* DUNN ET AL.

MORTGAGE.—*Sheriff's Sale.*—*Assignment by Mortgagee of Certificate of Purchase.*—*Rights of Assignee.*—Where a mortgagee who holds a certificate of purchase of the mortgaged premises, sells and assigns the certificate, the assignee thereof acquires all the rights of the assignor under the certificate, and his title to the debts secured by the mortgage, and the fact that the assignee does not pay the full amount of the purchase-money does not prevent the title from passing to the assignee. Hence the assignor can not, after the year of redemption has expired and a deed has been issued to the assignee, maintain an action for the reformation and foreclosure of the mortgage.

JUDGMENT.—*Lien.*—*Prior Equities.*—The lien of a judgment creditor is subject to all the equities existing against the land at the date of the rendition of the judgment.

NEW TRIAL.—*When will be Ordered.*—Where it appears that justice can not be done between the parties without a new trial as to the whole case, the court will order a new trial of all the issues.

PLEADING.—*Demurrer.*—*Defect of Parties.*—A demurrer on the ground that a cross-complaint does not state facts sufficient to constitute a cause of action presents no question as to defect of parties.

From the Cass Circuit Court.

*D. H. Chase,* for appellants.

*D. P. Baldwin, T. S. Rollins* and *D. C. Justice,* for appellees.

COFFEY, J.—It appears from the complaint in this cause that, on the 14th day of February, 1874, William Thackery and wife executed to the appellee John Dunn a mortgage upon the land therein described to secure the payment of a note of $400, at ten per cent. interest, which mortgage was duly recorded. On the 15th day of July, 1875, said Thackery and wife executed to said Dunn another mortgage upon the same land to secure another note for the sum of $190, at ten per cent. interest, which mortgage was duly recorded. Thackery failing to pay either of said notes, Dunn instituted suit in the Cass Circuit Court to recover a judgment on the $400 note, and the foreclosure of the mortgage executed to secure the same, and to obtain a judgment on the $190 note.

This suit was commenced on the 8th day of September, 1876, to which the appellee Newsome, Peter D. Herr, Henry Herr and Kendall West were made parties defendants. Such proceedings were had in that suit that, on the 20th day of February, 1877, the appellee Dunn recovered judgment on both said notes for the aggregate amount of $870.08, being $648.70 on the first, and $221.38 on the second note. The court also entered a decree foreclosing the mortgage executed to secure the $400, as to all the defendants in said action.

Upon a certified copy of this decree the appellee Dunn bid in the mortgaged premises for the sum of $965.90, on the 27th day of June, 1877, that being the full amount of his judgment on both said notes together with the interest and costs thereon.

At the time the decree of foreclosure was entered, the said Kendall West held a judgment against the said Thackery for the sum of $105, and costs, which was subsequently assigned to James M. Justice. On the 24th day of June, 1878, the appellee Dunn assigned said certificate of purchase to the said Justice, and endorsed thereon the following assignment:

" I hereby assign this certificate to James M. Justice, without recourse. June 24th, 1878.

" JOHN DUNN."

It is averred in the complaint that at the time of said assignment Justice claimed the right, by reason of owning the West judgment, to redeem from the sale made to Dunn without the payment of the sum of $221.28, the amount represented by the last note upon which Dunn's judgment was based, and, therefore, it was "agreed that Dunn should assign to Justice the certificate upon payment of $965.90, at 10 per cent. interest for one year, less the sum of $221.28, the amount of the judgment upon this note; and it was further agreed that, as to that sum, if it should be decided that Dunn was entitled to hold the property theretofore, to wit: the property included in said certificate, and secured by said mortgage, to wit: for $221.28, Justice should deliver to Dunn therefor his note with approved security, or good unincumbered real estate at fair value for said $221.28, and interest. This agreement was in writing, but being lost, or mislaid, a copy can not be filed herewith." Justice, upon the delivery of the assigned certificate, paid to Dunn the amount bid for the land therein described, with ten per cent. interest thereon from the date of sale, less said sum of $221.28. Justice now refuses to pay said sum, denying that the same is due under the terms of said agreement. At the expiration of the year for redemption Justice took a sheriff's deed on said certificate for the land therein described.

The land covered by the mortgage securing the $400 note, and the decree under which it was sold, is described in said mortgage and decree as follows:

" The five acres of land situated in the southeast quarter of section two (2), township twenty-six (26) north, of range one (1) east, and lying at the intersection of the Michigan road and the section line bounding said southeast quarter on the north, together with the steam saw-mill and appurtenances thereto belonging, and being the same land hereto-

fore conveyed by D. C. Richardson to James Chappelow, and by James Chappelow to said Thackery and one John Kirkham, and by said John Kirkham to said Thackery. Also, the west half of lot number ten (10), in the subdivision of a tract of land purchased of Henry Heath and Mary Ann Heath, his wife, by the Catholic church, the same being a part of a lot of land allotted to the said Mary Ann Heath by the name of Mary Ann Barron, as her portion of a section of land granted to the children of Joseph Barron, by the treaty between the United States and the Pottawattomie Indians, on the 16th day of October, 1826; the said half of said lot hereby mortgaged containing one-half an acre."

In the mortgage executed to secure the $190 note, the first tract is described as above set out.

The second tract is described as follows: "Also the west half of lot number ten (10) of the subdivision of a tract of land purchased by the Catholic church from Harvey and Mary Ann Heath, being a portion of Barron's reserve, and containing one acre."

It is averred in the complaint that there was a mutual mistake in said mortgages, in the description therein contained, and that it was the intention of the parties to mortgage and describe the following land in Cass county, to wit: "That part of the southeast quarter of section two (2), township twenty-six (26) north, of range one (1) east, commencing at a post in the center of the Michigan road, on the open line running east and west through the center of said section; thence due east on said section line seven (7) chains and six (6) links to a post—witness, a beech tree 18 inches in diameter, bearing south six (6) degrees thirty-four (34) links to a red elm thirty-six (36) inches in diameter, bearing south thirty-four degrees (34°) west, thirty-six (36) links; thence south seventeen (17°) degrees and thirty (30') minutes west seven (7) chains and six (6) links to a post; thence due west seven (7) chains and six (6) links to a post in the center of the Michigan road; thence north seventeen (17°) degrees

and thirty (30′) minutes east along the center of said road seven (7) chains and six (6) links to the place of beginning." The second tract is also described by metes and bounds.

It is averred that upon the execution of the sheriff's deed Justice took possession of the mortgaged premises under it, and has ever since been in possession, taking the rents, issues and profits arising therefrom.

The appellee Dunn prayed an accounting for the rents and profits, and a reformation and foreclosure of the mortgage executed to secure the $190 note, and a sale of the mortgaged premises for the payment of the amount found due thereon.

The court overruled a demurrer to this complaint, and the appellants excepted.

The assignment of error calls in question the correctness of this ruling.

The complaint is drawn and proceeds upon the theory that the sheriff's sale under which the appellants claim title is void, by reason of the defect in the description of the land attempted to be sold, and upon the theory that the appellee Dunn is still the owner of the judgment not covered by the mortgage securing the $400 note.

It is the rule that where the description of land sold upon an execution, or by virtue of a decree of foreclosure, is so defective as to convey no title, where the execution plaintiff is the bidder, he may have the apparent satisfaction of his judgment or decree set aside and have a new execution. This rule rests upon the principle that there is no consideration for the satisfaction, and he is not, in good conscience, bound thereby.   *Kercheval* v. *Lamar*, 68 Ind. 442.

Where there has been a decree of foreclosure entered upon a mortgage containing an imperfect or an erroneous description, the mortgagee is not precluded from bringing an action to reform his mortgage, and from foreclosing it as reformed.

*Conyers* v. *Mericles*, 75 Ind. 443 ; *Armstrong* v. *Short*, 95 Ind. 326 ; *Burkam* v. *Burk*, 96 Ind. 270.

But we think it unnecessary to inquire, in this case, as to whether the descriptions contained in the mortgage to the appellee Dunn, and decree and sale thereunder, were insufficient or otherwise, as we are of the opinion that he parted with all his title to the debt secured thereby, in the sale and assignment to the appellant Justice. It can not be reasonably contended that when the appellee sold to the appellant the certificate of purchase, he sold only the paper upon which the rights of the parties were apparently fixed, for it must be presumed that it was the intention of the one to sell and of the other to purchase something that was substantial. Doubtless it was the intention of the parties to vest in the purchaser the right to take title to land attempted to be described in the certificate, in the event it was not redeemed within one year from the date of sale. If the description was so imperfect as to render this impossible, still we think by virtue of the purchase and assignment the purchaser acquired all the rights in the debts described in the certificate at that time held by the appellee Dunn. *Seller* v. *Lingerman*, 24 Ind. 264 ; *Muir* v. *Berkshire*, 52 Ind. 149.

Had the land been redeemed by the judgment debtor the next hour after the assignment of the certificate, under the allegations found in the complaint, it can not be doubted that the appellant would have been entitled to the redemption money. The fact that the appellant did not pay the full amount of the purchase-price for the certificate did not prevent the title from passing to the assignee. It is plain from the averments in the complaint that it was the intention of the parties that the title should pass, to the end that the appellant might take a deed on the certificate, leaving the question as to the payment of the balance of the purchase-price to be determined by a future event. As the title to the debt due from Thackery to the appellee Dunn passed to the appellant Justice by the assignment, Dunn can not

maintain this action. *Muir* v. *Berkshire, supra,* and authorities there cited.

If it is desirable to reform the mortgages executed to secure these debts, the action must be brought by the appellant and not by the appellee. The appellee's remedy, if he has not been paid in full for his certificate, is against the appellant upon his contract, and not against Thackery on the mortgage.

The circuit court erred in overruling the demurrer to the complaint.

The appellee Newsome was made a party to the suit, and by way of cross-complaint set up a judgment in his favor against Thackery, rendered in the Cass Circuit Court on the 12th day of October, 1875, and alleged that the appellants had been in possession under their void sheriff's sale, and under mortgages executed by Thackery, and had received rents and profits, and property covered by the mortgages sufficient to pay and satisfy their claim.

On the trial of the cause the court found that there was due to the appellants the sum of $631.80, and that there was due to Newsome the sum of $490.80 on his said judgment; and it found and decreed that Newsome's judgment was superior to the claim of the appellants, and that upon a sale of the property involved and covered by the mortgages above set out the judgment in favor of Newsome should be first paid out of the proceeds of said sale.

This finding and decree can not be sustained. The claims allowed to the appellants consisted of the $400 note and mortgage executed by Thackery to Dunn, on the 14th day of February, 1874, and included in the sheriff's certificate assigned to Justice, and a mortgage executed by Thackery to one Seybold, on the 25th day of October, 1869, and paid by the appellants to protect their supposed title under the Dunn mortgage.

They are prior in date to Newsome's judgment, and constitute liens on the land antedating the judgment. As we

have seen, the appellee Justice, by the assignment to him of the sheriff's certificate, succeeded to the rights of Dunn in the debts held by him. The appellees had the right to pay off the Seybold mortgage to protect their lien on said land, and to be subrogated to the rights of Seybold in the mortgage held by him. Jones Mortgages, 3d ed., sections 99, 876 ; *Wainwright* v. *Flanders,* 64 Ind. 306 ; *Muir* v. *Berkshire, supra; Flanders* v. *O'Brien,* 46 Ind. 284.

Newsome is only a judgment creditor, and his lien is subject to all the equities existing against the land at the date of its rendition. *Wells* v. *Benton,* 108 Ind. 585 ; *Jones* v. *Rhoads,* 74 Ind. 510 ; *Hays* v. *Reger,* 102 Ind. 524 ; *Huffman* v. *Copeland,* 86 Ind. 224 ; *Koons* v. *Mellett,* 121 Ind. 585.

The record in this cause is quite voluminous, and other questions than those above decided have been discussed by counsel in their briefs. We have considered all the questions presented, but we think the above are the only ones which go to the merits of the controversy. The others may not arise upon another trial of this cause.

Judgment reversed, with directions to grant a new trial, to sustain the demurrer of the appellants to the complaint, and for further proceedings not inconsistent with this opinion.

Filed March 18, 1890.

### ON PETITION FOR A REHEARING.

COFFEY, J.—The appellee Newsome has filed a petition for a rehearing in this cause, in which he insists:

· *First.* That this court erred in reversing the cause as to him, because the appellants filed no motion for a new trial as to the issues involved between them and himself on his cross-complaint.

*Second.* That the cross-complaint of the appellants against him is insufficient.

One object, in common, was sought by all the parties to this suit, namely, an adjustment of the liens against the

property described in the several pleadings in the cause. The liens were adjusted by the circuit court upon the erroneous theory that those older than Newsome's judgment had been satisfied.

It is perfectly clear that justice can not be done between the parties without a new trial as to the whole case. In such cases the court will order a new trial of all the issues in the cause, to the end that justice may be done. *Bisel* v. *Tucker*, 121 Ind. 249; *State, ex rel.,* v. *Templin*, 122 Ind. 235.

The first paragraph of the cross-complaint filed by the appellants against the appellee Newsome sought to have a lien held by them, anterior in date to the appellee's judgment, declared a lien superior to said judgment.

The second paragraph of said cross-complaint sets up the amount paid for necessary repairs to property upon which the liens rested.

The first objection urged to the cross-complaint is that there is a defect of parties.

The demurrer was based upon the ground that the cross-complaint did not state facts sufficient to constitute a cause of action. Such a demurrer raises no question of parties. *Dunn* v. *Tousey*, 80 Ind. 288; *Johnson School Tp.* v. *Citizens Bank, etc.,* 81 Ind. 515.

The facts stated authorized the court to decree that the lien of appellants, if they held one, was superior to the lien created by appellee's judgment.

It is contended by appellee, however, that the mistake in the description of the land covered by the mortgage set up in the cross-complaint, was a mistake of law, and not a mistake of fact. In support of this position he cites *Baker* v. *Pyatt*, 108 Ind. 61, *Armstrong* v. *Short*, 95 Ind. 326, *Easter* v. *Severin*, 78 Ind. 540, *First Nat'l Bank, etc.,* v. *Gough*, 61 Ind. 147, and *Rhodes* v. *Piper*, 40 Ind. 369.

The case of *Baker* v. *Pyatt, supra,* is not an authority in favor of the position of the appellee. The other cases cited have been so far modified by subsequent decisions of this

court that they can no longer be regarded as authority upon the questions now before us. *Keister* v. *Myers*, 115 Ind. 312; *Calton* v. *Lewis*, 119 Ind. 181.

The court did not err in overruling the demurrer of the appellee to the cross-complaint of the appellants.

Petition for a rehearing overruled.

