Filed Jan. 17, 1891.

------

No 14,576.

## SATTERWHITE v. SHERLEY ET AL.

QUIETING TITLE.—*Decree Establishing Boundary Line.*—In a suit to quiet title where the complaint describes the land, alleges that the defendant is claiming an interest in it, and asks for judgment, and a decree is rendered quieting title and establishing the line between the parties to the suit, such decree is binding upon all the parties and those claiming title through them.

From the Morgan Circuit Court.

*W. R. Harrison,* for appellant.

*D. W. Grubbs, M. H. Parks, G. A. Adams, J. S. Newby* and *W. S. Sherley,* for appellees.

OLDS, C. J.—This is an appeal from the judgment of the Morgan Circuit Court, approving and affirming a survey of land, and establishing a dividing line between lands of appellant and appellee.

We do not deem it necessary to state the facts in the case more fully than is necessary to decide the particular legal question involved. The appellant and appellee are adjoining land owners, each owning a tract of land in the northwest quarter of section 4, township 11 north, of range 1 east. These tracts were respectively purchased by William H. Craig and John Sims, from David Scott, administrator of the estate of Joseph Lewis, in 1834. The deed to John Sims was for a tract fifty rods wide, from north to south, describing it as follows: Commencing at the northwest corner of section four; running thence east sixty-four (64) rods to the west line of the original plat of the town of Martinsville; thence south fifty rods; thence west sixty-four rods; thence north fifty rods to the place of beginning. The deed to Craig describes the land by commencing at the southeast corner of the land sold to John Sims, which would make it fifty rods from the north line of section four.

The title of the present owners to the respective tracts is derived by descent and mesne conveyance from John Sims and William H. Craig.

William H. Craig having died, and partition of his estate having been made between his widow, Isabella Craig, and his heirs, and the widow having died, Noah J. Major was appointed as her executor. Major, as such executor, brought suit in 1882 to quiet title to a certain parcel, or tract, of land alleged to have been owned by the deceased Isabella Craig, Lafayette Sims being at that time the owner of the John Sims tract, and he was made a party to that suit, in

which it was alleged that the north boundary of the land so owned by said Isabella Craig was fifty rods south of the north line of said section four, and a decree was entered in said cause quieting the title to said land; an order was made for the sale of the same, and the land sold by Major, executor, and the appellant became the purchaser. The appellees derive title from Lafayette Sims, who was a party to that suit.

The decree and judgment in the case of Major, executor, against Sims et al., fixed and settled the line between the parties to such suit, and those claiming under and through them, and established the north line of the tract owned by Mrs. Craig to be fifty rods from the north line of section four. This survey is being made to fix the line between the appellant and appellee under their respective titles. The survey appealed from fixes the line some fifty-two rods south of the north line of section four. This is arrived at by the surveyor and sustained by the court by ignoring the judgment quieting the title and taking some former survey had between the original owners about 1860. It is conceded by counsel for appellees that the judgment is erroneous, if the judgment in the case of Major v. Sims et al. is binding upon the former owner, Lafayette Sims. But it is contended by counsel that the suit by Major was not to quiet title against Sims, but to correct a mistake made in a partition proceeding between the heirs of William A. Craig, deceased. Counsel make this general claim, and refer to the complaint as supporting it, but give no reason upon which such contention can be sustained; and, certainly, no such contention can be maintained. The complaint describes the land, and alleges that Sims is claiming some interest in it, and asks for judgment against him; and a decree is entered up, in due form, quieting the title, and forever enjoining and restraining the defendants from ever setting up title to the same, etc.

When Sims was made a party to that suit it was his duty to look after his interest. If he was claiming a tract of land

extending more than fifty rods in width, it was his duty to set up his title, and litigate the question in that suit.

The judgment is binding upon all the parties to it, and those claiming title under and through them, and having been disregarded by the court, the finding is not sustained by the evidence, and is contrary to law. The appellant was entitled to have his line established in accordance with the decree, or to have the survey set aside, and the judgment must be reversed.

Judgment reversed, with costs.

Filed Nov. 25, 1890; petition for a rehearing overruled Jan. 30, 1891.