Craig *et al. v.* Major, Executor, *et al.*

———— ✦ ————

No. 16,484.

CRAIG ET AL. *v.* MAJOR, EXECUTOR, ET AL.

JUDGMENT.—*Quieting Title.*—*Reformation of Decree as Against Subsequent Purchaser.*—A decree quieting title will not be reformed at the suit of a grantee of one who was a party thereto, as against a purchaser for value under the decree, on the ground that the plaintiff's grantor was prevented from defending by information from the attorney for the judgment plaintiff that the land claimed by him was not included in the complaint to quiet title, unless it is shown at least that the land purchased from such judgment plaintiff was purchased with knowledge of the erroneous information inducing the default.

From the Morgan Circuit Court.

*J. H. Jordan, O. Matthews* and *W. R. Harrison,* for appellants.

*W. S. Shirley, W. H. H. Miller, F. Winter* and *J. B. Elam,* for appellees.

HACKNEY, J.—This suit was prosecuted in the circuit court for the correction of a decree of said court rendered in the year 1882, in which decree the appellee Major, as executor of the last will of Isabella Craig, secured an adjudication quieting the title of his testator in and to a certain tract of land in Morgan county.

The description of said tract, as contained in said decree, included a narrow strip theretofore held and occupied in complete adverse possession by the grantors of the appellee Sarah M. Sherley, for more than twenty years.

The correction sought was to have said narrow strip omitted from said decree. The complaint alleged that in partition of the lands of William H. Craig, in 1864, the commissioners set off to said Isabella, as widow, a tract lying immediately south of a tract owned by one John Sims; that she went into the possession of said tract and occupied the same until her death in 1882; that by mistake of said commissioners the lands so set off to said widow were so misdescribed as to include none of the tract intended, but to include lands owned by one Mitchell, south of the track intended to be described; that the suit of said Major, executor, was intended to correct the misdescription so made by said commissioners and was not to disturb or in any manner affect the title to the lands so theretofore owned by John Sims; that between the tract so misdescribed and the tract of said Sims a line had been established in the year 1858, and had been maintained without question or disturb-

ance until in 1887; that in the preparation of the entry
of said decree the said Major, executor, and his attorney
did not intend to claim or acquire any interest in the
lands so occupied and held by said Sims, and that it was
by their mistake and inadvertence that the description
prepared by them did include the narrow strip aforesaid.

It is alleged further that La Fayette Sims had become
the owner of said tract so formerly owned by John Sims,
and was made a defendant to said suit by Major, ex-
ecutor, but that he suffered default in said suit from the
fact that Major's attorney therein had informed him that
the purpose of said suit was, as we have stated, the alleged
intention of said Major, and was not to disturb the lines
or affect the title of said Sims in any manner, which in-
formation said Sims trusted in suffering such default.
It is also alleged that said Major, executor, after the en-
try of said decree, sold said lands of the testator to Har-
vey Satterwhite, appellant herein, and in 1886 made to
him a deed for said lands, erroneously describing them
as they were described in said decree; that none of the
parties knew of said mistake until in 1887, when Satter-
white procured a survey of said lands, discovered that as
described they included the narrow strip then held ad-
versely by Mrs. Sherley, and then, for the first time, as-
serted claim thereto, after having purchased with knowl-
edge of the location of said division line and having ac-
quiesced therein from in 1883, when he purchased from
said executor.

The appellant Satterwhite's fourth paragraph of an-
swer alleged that the decree was in compliance with the
complaint in said suit and was duly rendered and en-
tered of record, and remained in full force and unques-
tioned by Mrs. Sherley or her grantor until the 2d day
of February, 1891, when this proceeding was instituted;
that he purchased from said executor, relying on said

record as fixing the boundaries to said lands and quieting the title thereto, and after inspecting said decree, and that he paid for said lands the sum of five thousand three hundred dollars; that he purchased after due notice in a weekly newspaper of general circulation in the neighborhood of La Fayette Sims, Mrs. Sherley's grantor; that in the petition for the sale, in the notice of sale and in all proceedings relating to said sale, said lands were described as in said decree, and were regarded as correctly described; that in 1887, upon notice to Mrs. Sherley, he procured a survey of said lands for the purpose of marking the same, which survey was in all respects according to said decree, as Mrs. Sherley then knew; that she appealed from said survey, a trial was had in the circuit court, wherein said decree was introduced in evidence; that from the decision of the circuit court an appeal was prosecuted in this court, resulting, as shown in *Satterwhite* v. *Sherley*, 127 Ind. 59, in a decision that the parties were bound by said decree as to the description of said lands, of which decision Mrs. Sherley well knew.

It is further alleged that when Mrs. Sherley purchased her lands, in 1886, said decree was in full force, and that she and her grantor had notice thereof; that the record title of Sims and of Sherley has been in accordance with said decree as to the description of said lands.

Upon these facts it is prayed that Mrs. Sherley be held estopped to question said decree.

The court overruled appellant Satterwhite's demurrer to the complaint and sustained the appellee Sherley's demurrer to said paragraph of answer, and these are the only rulings urged in argument as having been erroneous. It will thus be seen that the questions at issue affect the appellant Satterwhite and the appellee Sherley.

The decree again in question was held, in *Satterwhite* v. *Sherley, supra,* to have been valid and binding against Sims and his grantee, Mrs. Sherley, as quieting the title to the strip of land now in question, not only in Satterwhite's grantor, but to the benefit of Satterwhite as a subsequent purchaser. As to the character and effect of the decree, as it was entered, the parties are precluded. The character thus declared, it is here asked, shall be changed by the introduction of no new element arising upon the pleadings, no error of the court, no fraud of the parties to the suit, but by reason of a misconstruction, by the plaintiff and his counsel in that suit, of the scope of the description contained in the complaint. The effect of the allegation as to the information given the defendant Sims was that the lands claimed in the complaint were not so described as to include any belonging to him. While doubting the right of Sims to rely upon the information so given, and to permit a decree by default without further inquiry or an examination which would have disclosed the error to him as readily as to the attorney, we find it unnecessary to decide the question. See *Rosa* v. *Prather,* 103 Ind. 191; *Snipes* v. *Jones,* 59 Ind. 251.

But, for the purposes of this case, it may be conceded that Sims might excuse his default by relying upon the statement of the attorney of the plaintiff, and two very important questions arise in considering the sufficiency of the complaint, namely:

Can that excuse be asserted to deprive the appellant Satterwhite of interests acquired under the decree?

Can the appellee Sarah M. Sherley, a purchaser from Sims, assert that excuse in her own behalf?

The complaint alleges that Satterwhite purchased with knowledge that Sims was and had been in actual possession of the lands north of the originally established

Craig *et al.* v. Major, Executor, *et al.*

line, and it is upon this allegation alone that it is claimed he was not an innocent purchaser. It must be observed that it is not alleged that he purchased with knowledge of the principal fact now asserted for the modification of the decree; the erroneous information given to Sims, and inducing his default. Without this knowledge, there could be no reasonable objection to his relying with confidence upon the decree which defined the quantity and location of the lands he purchased. The knowledge charged to him was of facts which the decree had held for naught. The decree imparted to him, with all of the force and solemnity of which an adjudication of a court of record is capable, the information that, regardless of former liens and former adverse possession, Sims was precluded to claim title to any part of the lands included within its terms.

We suppose it can not be controverted that but for the allegation that Sims was misinformed as to the extent of the demand in the complaint of Major, as executor, there could have been no inquiry into the questions of adverse possession, former location of lines and acquiescence in title and the lines of Sims. In other words, this allegation is the wedge which opened the case to additional inquiry, and but for it the decree would have foreclosed all further inquiry. Now, without knowledge of this element so essential to the overthrow of the decree, it seems to be beyond question that Satterwhite could not be held a purchaser with knowledge affecting his title.

It has been held by a long and unbroken line of decisions in this State that equity will grant no relief from the mistakes or secret claims of one against another who has innocently invested his money in acquiring equities equal or superior to those sought to be relieved against. *Flanders* v. *O'Brien*, 46 Ind. 284; *Barnaby* v. *Parker*, 53 Ind. 271; *Busenbarke, Exr.,* v. *Ramey*, 53 Ind. 499;

*Wainwright, Admr.*, v. *Flanders*, 64 Ind. 306; *Tuttle* v. *Churchman*, 74 Ind. 311; *Rooker* v. *Rooker, Guar.*, 75 Ind. 571; *Milner* v. *Hyland*, 77 Ind. 458; *Huffman* v. *Copeland*, 86 Ind. 224; *Taylor* v. *Morgan*, 86 Ind. 295; *Gray* v. *Robinson*, 90 Ind. 527; *Ritter* v. *Cost*, 99 Ind. 80; *Indianapolis, etc., R. W. Co.* v. *Bird*, 116 Ind. 217.

In Freeman on Judgments, section 74, it is said "amendments of the entries of judgments and of decrees * * will only be permitted in furtherance of justice, and on such terms as shall protect the interests of third parties acquired for a valuable consideration without notice." This rule is quoted and applied in *Gray* v. *Robinson, supra,* and applies here with equal force.

In *Flanders* v. *O'Brien, supra,* is this statement of the rule, and the reason for it: "Such purchaser * * has acted upon the apparent facts of the case, as the parties have allowed them to exist. It is their fault if the papers do not speak the truth, and it may be unjust that their mistakes should be cured to his injury, who has been misled by their failure to attend carefully to their own business."

When the complaint alleged the purchase by Satterwhite, it was incumbent upon the pleading to further show that the correction sought was one which equity would correct as against such purchaser. This could not be done except by alleging facts showing him to have purchased in bad faith, or with notice of the equity asserted or without consideration.

The principles here announced, and the authorities cited, apply to the answer in question with even greater force, and establish its sufficiency, since it is therein affirmatively alleged that Satterwhite was a good faith purchaser, for a valuable consideration, with knowledge of and reliance upon the decree sought to be modified. As the modification prayed would deprive him of a part

of the land so purchased, it would not only be unjust to him but would deny to him an equity which would be granted to Mrs. Sherley, who purchased with constructive notice of every fact which she now asserts against him.

We conclude, therefore, that the complaint was insufficient, and that the answer was sufficient. It has also been held that the grantee who purchases with constructive notice of a judgment lien can not defeat the lien of such judgment by asserting that it had been procured by the fraud of the judgment creditor, and that the remedy of such grantee was upon the covenants of his deed. See *Hogg* v. *Link,* 90 Ind. 346.

Finding it unnecessary to apply the rule so adopted, we but suggest it for consideration upon a possible reformation of the issues in this case.

For the errors found, the judgment of the circuit court is reversed with instructions to sustain the appellant's demurrer to the appellees' complaint.

Filed Jan. 2, 1894; petition for a rehearing overruled Dec. 13, 1894.