Majors, Executor, *et al. v.* Craig *et al.*

Filed February 19, 1896.

---

No. 17,569.

## MAJORS, EXECUTOR, ET AL. *v.* CRAIG ET AL.

JUDGMENT.—*Action to Correct.—Laches.*—A decree by default quieting plaintiff's title to land, will not be corrected nearly nine years after its rendition, and nearly four years after the actual facts are learned as against a purchaser in good faith, for value, relying upon the decree, on the ground that defendant was wrongly informed by plaintiff's attorney that the complaint did not include any lands belonging to him, where the purchaser had no knowledge that such information had been given, or that it was false and that it does not appear that defendant could not have prevented the procurement of the judgment by the exercise of reasonable diligence.

From the Morgan Circuit Court.

*M. H. Parks* and *W. S. Sherley,* for appellants.

*O. Matthews, W. Hickam* and *W. R. Harrison,* for appellees.

MONKS, J.—This proceeding was brought by appellants to correct an alleged mistake in a decree rendered in 1882 by the Morgan Circuit Court. This is the second appeal of the cause. On the former appeal the judgment was reversed with instructions to the court below to sustain the demurrer to the complaint. See *Craig* v. *Major, Exr.,* 139 Ind. 624, where the complaint and the nature of the controversy are fully set forth.

When the cause was returned to the court below the demurrer to the complaint was sustained and appellants in this appeal, who were the plaintiffs below, filed an amended complaint, to which appellee, Satterwhite, filed a demurrer for want of facts, which was sustained.

This action of the court is assigned as error.

As this court held on the former appeal that the complaint was not sufficient, that is the law of this case, and the only question to be determined is whether the additional facts set forth in the amended complaint render it sufficient to withstand the demurrer.

The amendment consists of the following additions to the original complaint: "That said Noah J. Majors, as such, executor, did not at any time sell to Satterwhite any land lying north of said original line, and said Satterwhite has not at any time paid any consideration whatever for any land lying north of said original line as established between the said Craig and Sims tracts as aforesaid; that said Sarah M. Sherley paid to said Sims the full consideration and

price for said land so bought of him, including the land lying immediately north of said original line established between said Craig and Sims tracts as aforesaid, and before she had any actual notice or knowledge of said decree and mistake therein, and after said Sims had left the State of Indiana, and ceased to be resident thereof, leaving no money or property whatever in said State, all before the said Sarah M. Sherley had any notice or knowledge that Satterwhite claimed any land off of the Sims tract, north of said original line, by virtue of said decree, which said Sims had sold her as aforesaid, and said Satterwhite had notice of the claim of right, title and possession of said land by said Sims and Sherley up to said original line, when he, Satterwhite, purchased the same from said Majors; and the said Satterwhite stood by and had actual notice that said Sarah M. Sherley was buying said land from said Sims, and paying the full price therefor, in manner aforesaid, and without asserting any right or title to any land lying north of said original line, by virtue of said decree, or otherwise, and allowed said Sims and Sherley to spend money and make valuable and permanent and lasting improvements on said land along said original line and without any objection thereto, but assenting thereto."

It was held on the former appeal that this was not a proceeding to correct the decree for any error of the court or fraud of the parties, but for the alleged reason that counsel for plaintiff, on account of a misconception by him and his client in that suit of the scope of the description of the real estate contained in the complaint, informed the defendant, Sims, that the lands claimed in the complaint were not so described as to include any belonging to him. The complaint, in this respect, is unchanged. A proper in-

quiry or examination by Sims of the complaint on file in the clerk's office in that case would have disclosed to him the error, if any, in the alleged information as readily as to the attorney who gave it. We think that Sims, under the facts alleged, had no right to rely upon the information so given. *Lake* v. *Jones*, 49 Ind. 297; *Snipes* v. *Jones*, 59 Ind. 251; *Bowen* v. *Bragunier*, 88 Ind. 558 (562); *Rosa* v. *Prather*, 103 Ind. 191; *English* v. *Aldrich*, 132 Ind. 500 (501); *Ratliff* v. *Stretch*, 130 Ind. 282.

The amended complaint does not show that Sims could not have prevented the procurement of the judgment by the exercise of reasonable diligence. This was essential to the sufficiency of the complaint. *Hollinger* v. *Reeme*, 138 Ind. 363 (367-368), (24 L. R. A. 46.)

It was held on the former appeal that conceding that Sims had the right to rely upon said statement of the attorney of the plaintiff, to render the complaint sufficient to withstand a demurrer it must be alleged that Satterwhite purchased said real estate with knowledge that such information had been given by said attorneys and that the same was false. There is no such allegation in the amended complaint. It is clear that if Satterwhite purchased said real estate without knowledge of the alleged mistake in the decree, the same cannot be corrected as against him. *Craig* v. *Major, Exr.*, 139 Ind. 624, and authorities there cited on pp. 629, 630; *Indiana, etc., Ry. Co.* v. *Bird*, 116 Ind. 217 (221-226).

In the amended complaint there is an attempt to avoid the objection by alleging "that Majors did not sell, and Satterwhite did not buy, any land lying north of said original line, and that he has not paid any consideration therefor," but this can have no effect as against the allegations that he bought the real estate

from Majors after said decree and by the description therein contained.

It appears from the amended complaint that the real estate sold and conveyed by Majors, executor, to Satterwhite was the same real estate described in the decree rendered in 1882 in the case of *Majors, Ex.* v. *Sims,* the same decree which it is sought to correct by this proceeding; and that said real estate was described in the same words in the proceedings to sell and the deed to Satterwhite as in the decree aforesaid. This proceeding to correct the decree aforesaid is brought with the sole reason that it and the deed to Satterwhite describe real estate which includes the strip of real estate which Mrs. Sherley claims as the grantee of Lafayette Sims.

When Satterwhite purchased the real estate at the sale, it is presumed that he paid for all described in the order of sale, notice and deed, and this presumption can only be overcome, if at all, by alleging such facts as show the contrary, and not by the statement of mere conclusions. That part of the amendment which alleges that Satterwhite had notice of the claim of right, title and possession of said land by said Sims and Sherley up to said original line when he purchased the same from said Majors, is very uncertain and indefinite.

Mrs. Sherley did not purchase the said tract until September, 1886, long after Satterwhite purchased the real estate of Majors, executor, which was June, 1883. She, therefore, had no right or claim to the Sims land or any part of it when Satterwhite made his purchase and received his deed. If Satterwhite, when he purchased from Majors, executor, knew that Sims had possession and claimed up to what is called in the amended complaint the original line run in 1858, such fact could have no force in this case for the reason

that the decree in question settled and adjudged that Sims had no right, claim or title of any kind to any part of the lands described in the decree. *Craig* v. *Major, Ex., supra,* p. 629.

The other facts alleged in the amendment add no strength to the complaint and furnish no ground for correcting or setting aside the decree; besides they, are all alleged to have occurred after the decree was rendered. So far as such facts may be claimed to estop Satterwhite from having the benefit of the decree as against Sherley beyond what is called the original line run in 1858, they should have been brought forward in proper form, and perhaps were in the case of *Satterwhite* v. *Sherley,* 127 Ind. 59. In that case the decree now in question was held to be valid and binding against Sims and his grantee, Mrs. Sherley, and as quieting the title to the strip of land in controversy not only in Majors, executor, but to the benefit of Satterwhite as a subsequent purchaser. This concludes appellant from asserting at this time anything in the amended complaint that would estop Satterwhite from claiming the benefit of the decree now in question at least as long as the same remains in force. We need not determine what effect the judgment in *Satterwhite* v. *Sherley, supra,* would have on the rights of the parties if the decree in question were set aside.

It is held in this class of cases: First, that the person who seeks to set aside a judgment must, among other things, aver in his complaint and prove that he could not have prevented the procurement of the judgment by the exercise of reasonable diligence.

Second, that he was reasonably diligent in discovering the fraud or mistake.

Third, that having discovered the fraud or mistake he has proceeded with reasonable diligence to obtain relief by legal proceedings. *Harman* v. *Moore,*

Majors, Executor, *et al. v.* Craig *et al.*

112 Ind. 221 (227); *Ratliff* v. *Stretch, supra,* (285); *Nicholson* v. *Nicholson,* 113 Ind. 131 (135); *Hollinger* v. *Reeme, supra,* on pp. 368, 370 ; *Indiana, etc., Ry. Co.* v. *Bird, supra; Earle* v. *Earle,* 91 Ind. 27 (38-41.)

None of these essential elements are shown in the complaint. It appears from the complaint that the decree which is sought to be corrected was rendered in the spring of 1882. The real estate described in the decree was sold to Satterwhite in June, 1883. Sims sold his real estate to Mrs. Sherley in September, 1886; that Mrs. Sherley first had actual knowledge of said decree and the alleged mistake therein in 1887. This action to correct the mistake in said decree was commenced Feb. 2, 1891, nearly nine years after the decree was rendered, and nearly four years after Mrs. Sherley had actual knowledge of the facts.

There was no concealment from Sims or Mrs. Sherley of the fact that judgment was rendered, or of its effect, scope or provisions.

Sims, under whom Mrs. Sherley claims title, knew that judgment was rendered and is presumed to have known the language, scope and legal effect thereof. There is no allegation in the complaint that he did not have actual knowledge of the language of the decree from the time it was entered in 1882. There is no reasonable excuse or explanation given for this long delay in commencing this action for relief.

The other questions presented were fully considered and determined on the former appeal.

The amended complaint is clearly insufficient, and the court did not err in sustaining the demurrer thereto.

Judgment affirmed.

JORDAN, J., was absent and took no part in the decision of this cause.

Filed February 20, 1896.